UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REC MARINE LOGISTICS, LLC | § | C.A. NO. 2:19-cv-11149-LMA-DMD |
| | § | |
| V. | § | |
| | § | |
| DEQUINCY R. RICHARD | § | SEC. "I"     MAG. (3) |
| | § | |
| V. | § | |
| | § | |
| REC MARINE LOGISTICS, LLC, | § | |
| GULF OFFSHORE LOGISTICS LLC and | § | |
| OFFSHORE TRANSPORT SERVICES, LLC | § | |

**ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT,
COUNTER-CLAIM AND THIRD PARTY COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW DeQuincy R. Richard ("Richard"), made Defendant in this Declaratory Judgment action, and, for his Answer to the Complaint for Declaratory Relief ("Complaint", Doc. 1), would respectfully show:

**I. ANSWER**

1. Richard admits the allegations of Paragraphs I-II of the Complaint.

2. Richard admits he made a demand for maintenance and cure from his employer as alleged in Paragraph III of the Complaint, but denies the remaining allegations of Paragraph III.

3. Richard denies the allegations of the next paragraph of the Complaint, purportedly "IV".

4. Richard denies the allegations of paragraph V of the Complaint.

5. Richard denies the allegations of paragraph VI of the Complaint.

6. Richard denies the allegations of paragraph VII of the Complaint.

7.  Paragraph VIII of the Complaint requires no response; however, out of an abundance of caution, Richard denies Plaintiff is entitled to the relief requested therein.

8.  The Paragraph of the Complaint beginning "Wherefore" requires no response; however, out of an abundance of caution, Richard denies Plaintiff is entitled to the relief requested in same.

9.  Richard demands a trial by jury herein.

WHEREFORE, Richard prays that Plaintiff take nothing in this Declaratory action, and for all other relief to which he may be entitled.

## II.  COUNTER-CLAIM AND THIRD PARTY COMPLAINT

COMES NOW Counter/Third Party Plaintiff DeQuincy R. Richard ("Richard"), and, for his Counter-Claim against REC Marine Logistics, LLC ("REC Marine") and Third Party Complaint against Gulf Offshore Logistics, L.L.C. and Offshore Transport Services, L.L.C., would respectfully show:

### 1.  PARTIES

1.1  Counter-Plaintiff / Third Party Plaintiff DeQuincy Richard ("Richard"), is a U.S. citizen and resident of Lafourche Parish, Louisiana.

1.2  REC Marine Logistics, LLC ("Counter-Defendant" or "REC Marine"), is a Louisiana limited liability company with its principal place of business in Lafourche Parish, Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its attorney of record herein.

1.3     Third Party Defendant Gulf Offshore Logistics, L.L.C., is a Louisiana limited liability company with its principal place of business in Lafourche Parish, Louisiana, doing business in this District and State of Louisiana for the purpose of accumulating monetary profit. It may be served with process through its registered agent, Todd P. Danos, 4535 Highway 308, Raceland, Louisiana 70394.

1.4     Third Party Defendant Offshore Transport Services, L.L.C. is a Louisiana limited liability company, with its principal place of business in Lafourche Parish, Louisiana, doing business in this District and State of Louisiana for the purpose of accumulating monetary profit. It may be served with process through its registered agent, Todd Danos, 4535 Highway 308, Raceland, Louisiana 70394.

1.5     Gulf Offshore Logistics, L.L.C. and Offshore Transport Services, L.L.C. are collectively referred to herein as "Third Party Defendants".

## 2.  JURISDICTION

2.1     The Court has jurisdiction of this admiralty matter under 28 U.S.C. § 1333.  This claim is maintained under the Jones Act (46 U.S.C. § 30104) and the general maritime law of the United States, and brought against Counter-Defendant and Third Party Defendants for negligence.

## 3.  VENUE

3.1     Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

### 4. FACTS AND NEGLIGENCE

4.1     At all material times hereto, Counter-Defendant and Third Party Defendants owned, operated and/or crewed the *Dustin Danos* ("vessel"), the platform supply vessel on which Richard was injured, a vessel operating in navigable waters of the Gulf of Mexico.

4.2     At all material times hereto, Richard was employed by REC Marine as a deckhand and member of the crew of the vessel owned and/or operated by REC Marine and/or Third Party Defendants.

4.3     On or about November 6, 2018, while Richard was performing his duties in the service of the vessel, he was injured when he slipped on stairs on the vessel. The injuries suffered by Richard were caused by the negligence and/or gross negligence of REC Marine and Third Party Defendants, and unseaworthiness of the vessel, in the following particulars, among others:

(a)     failing to provide proper and adequate equipment to perform the job;

(b)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

(c)     failing to take reasonable precautions for Richard's safety;

(d)     failing to provide Richard with a reasonably safe place to work; and

(e)     other acts of negligence and/or omissions to be shown at trial herein.

### 5. COUNT 1 - JONES ACT

5.1     Richard's injuries were sustained in the course of his employment and were caused by the negligence and/or gross negligence of REC Marine and Third Party Defendants, their officers, agents, or employees, as described herein.

## 6. COUNT 2 - UNSEAWORTHINESS

6.1     Richard's injuries were caused by REC Marine's and Third Party Defendants' breach of duty to furnish a seaworthy vessel.

## 7. DAMAGES

7.1     As a direct and proximate result of REC Marine's and Third Party Defendants' negligence and/or gross negligence, Richard suffered injuries to his body, and the following resultant damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering in the past and future; (h) punitive damages.

## 8. JURY DEMAND

8.1     Richard is entitled to and demands a trial by jury herein.

WHEREFORE, Plaintiff prays for judgment against Counter-Defendant and Third Party Defendants for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and post-judgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

*Signature follows–*

Respectfully submitted,

**KOCH & SCHMIDT, LLC**

*/s/ R. Joshua Koch, Jr.*
R. JOSHUA KOCH, JR., Bar Roll No. 7767
JKoch@kochschmidt.com
KATHERINE W. LYNCH, Bar Roll No. 36726
KLynch@kochschmidt.com
650 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 208-9040
Facsimile: (504) 208-9041

**ATTORNEY FOR DEFENDANT /
COUNTER/THIRD PARTY PLAINTIFF**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing automatically accomplished on counsel of record for Plaintiff through CM/ECF Notice of Electronic Filing at the time of filing hereof on this 8th day of August, 2019, in accordance with the Federal Rules of Civil Procedure.

*/s/ R. Joshua Koch, Jr.*
R. Joshua Koch, Jr.