## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REC Marine Logistics, LLC, | ) | CIVIL ACTION |
| Plaintiff | ) | |
| | ) | NO.2:19-cv-11149-LMA-DMD |
| versus | ) | |
| | ) | |
| DeQuincy R. Richard | ) | JUDGE Africk |
| Defendant | ) | MAGISTRATE (3) |
| | ) | |

### ANSWER TO RICHARD COUNTER-CLAIM AND THIRD PARTY COMPLAINT

While at all times maintaining all non-inconsistent responses, claims, objections and assertions of the original Declaratory Judgment, Plaintiff, REC, where not inconsistent, together with Gulf Offshore Logistics LLC, and Offshore Transport Services, LLC, respond to the Counter-Claim and Third Party Complaint made by DeQuincy R. Richard as follows.

### ANSWER TO COUNTER-CLAIM AND THIRD PARTY COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes the aforementioned cross-defendants and third party defendants, made defendants herein by the counter-complaint and third party complaint of DeQuincy R. Richard, who, with respect to the allegations contained in the plaintiff's various complaints, responds/answers as follows:

### FIRST DEFENSE

The Counter Claim and Third Party Complaint fails to state a claim upon which relief can be granted against these defendants.

**SECOND DEFENSE**

In part the plaintiffs' claims are barred by prescription, estoppel and/or laches, and these defendants affirmatively plead these defenses in their behalf.

**THIRD DEFENSE**

And now in further answer, counter defendants, and third party defendants specifically answer each allegation of plaintiffs' counter-complaint and third party complaint as follows:

**1.**

The allegations of paragraph 7.1 of the Complaint are vague as worded and therefore denied pending a more definitive factual statement or legal basis for the claim.

**2.**

The allegations of paragraphs 1.1 are admitted, but allegations numbered 1.2, and 4.1-4.3 are specifically denied.

**3.**

The allegations of paragraphs 5.1 through 7.1 are denied for lack of sufficient information to justify a current belief therein, or because they are simply incorrect.

**4.**

The allegations of paragraph 8.1 of the Complaint requires no response from defendants, however should the Court deem answer necessary, the allegations of paragraph 8.1 are denied for sufficient knowledge for informed belief.

## FOURTH DEFENSE

While at all times specifically denying any and all fault, negligence or responsibility to the plaintiff, defendants all allege and aver that the damages sustained by the plaintiff, if any, were caused solely by DeQuincy R. Richard's own fault, neglect, misconduct, inattention, or breach of duty without any fault whatsoever on the part of defendants; but, in the event that plaintiff may be able to establish any fault or negligence on the part of these defendants, which is at all times denied, defendants plead the substantial comparative negligence of the plaintiff, DeQuincy R. Richaed, as a bar to and/or mitigating factor reducing any award of damages to the plaintiffs herein, if any.

## FIFTH DEFENSE

As a further defense, defendants, and each individually, allege and aver that the plaintiff failed to mitigate his damages, if any were sustained, as required by law and is thereby precluded from making any claims for damages in excess of those which could have been prevented in the exercise of ordinary care and prudence in mitigating one's care and/or damages.

## SIXTH DEFENSE

Alternatively, defendants, allege and aver as a separate defense that any accident or injuries plaintiff, may prove, were the result or results of the acts and/or omissions, commissions, negligence and/or breach of duty of other parties or third parties, over whom defendant had no control and for which acts and/or

omissions the defendants, serially or individually, has no
responsibility, legal or otherwise, which contributed in varying
combinations and degrees with the negligence and/or breach of duty
of the plaintiff, DeQuincy R. Richard, to produce the results
complained of by plaintiff herein.

## SEVENTH DEFENSE

As a further additional, alternative defense, defendants
allege and aver that if plaintiff, DeQuincy R. Richard, was injured
or sustained his alleged damage, it was in the course of his normal
job, duties, and occupational tasks, without any fault or neglect
of these defendants, and he is therefore estopped from making
claims for normal risks assumed as incidental and inherent in the
nature of his Jones Act employment.

## EIGHTH DEFENSE

If the plaintiff, was injured, his injury arose from his own
failure to perform the personal duties and responsibilities of his
employment, which failure created an unreasonable risk of injury to
himself and/or created an unsafe vessel, if any such condition is
found to have existed and to have caused the plaintiff's injuries.

## NINTH DEFENSE

While at all times denying any and all liability, should any
Defendant or combination thereof, be found liable, then the
defendant would show that such acts for which the defendant(s) are
held liable were not within the *privity* or knowledge of the owners
and/or the operators of the **M/V Dustin Danos**. Therefore, Offshore

Transport Services and/or REC are entitled to limit its/their liability to its/their interest in the **M/V Dustin Danos,** at the end of her voyage plus the freight then pending, pursuant to 46 U.S.C. § 183 *et seq.*

**WHEREFORE,** Defendants, pray that this answer be deemed good and sufficient, and that after all legal delays and due proceedings have been had, there be judgment herein in their favor and against plaintiff, DeQuincy R. Richard, dismissing all of plaintiff's claims, with prejudice, at plaintiff's costs; and for all other just and equitable relief.

**Respectfully Submitted,**

//Fred E. Salley

BY: _____

**FRED E. SALLEY, T.A. (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana 70434**
**Telephone: (985) 867-8830**
**Facsimile (985) 867-3368**
**Counsel for Plaintiff, Counter-**
**Defendant, REC Marine Logistics,**
**LLC, et.al**

<u>**VERIFICATION**</u>

**State of Louisiana:**

**Parish of Lafourch:**

      Now before me, a Notary Public, for the State and Parish aforesaid, came and appeared


**RONALD E. CHADDOCK**


      Who after being placed under oath, stated that he is a major and citizen of the state and parish as referenced herein, and the Manager for REC Marine Logistics, LLC:

      That he is familiar with DeQuincy Richard  and with the facts of his claim for Maintenance and Cure and under the Jones Act;

      That he has read the proposed answer to Richard's Jones Act and GML claim, and that it is true and correct to the best of his current knowledge, information, and belief.


                             _____
                              **Ronald E. Chaddock**


Sworn to and subscribed to before me, a Notary Public, on this _____ day of August 2018


                                  _____

                                  Notary Public, State of Louisiana