UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REC Marine Logistics, LLC, | ) | CIVIL ACTION |
| Plaintiff | ) | |
| | ) | NO.2:19-cv-11149-LMA-DMD |
| versus | ) | |
| | ) | |
| DeQuincy R. Richard | ) | JUDGE Africk |
| Defendant | ) | MAGISTRATE (3) |
| | ) | |

## COMPULSORY COUNTER-CLAIM AND THIRD PARTY COMPLAINT OF GULF OFFSHORE LOGISTICS, LLC, AND REC MARINE LOGISTICS, LLC

While at all times maintaining all non-inconsistent responses, alternative claims, objections and assertions of any original Declaratory Judgment, or original pleading, or cross pleading, Counter-claimants and/or Third Party Plaintiffs, REC, where not inconsistent, together with Gulf Offshore Logistics LLC, state their Compulsory Counter-claims and Third Party claims against Original Party Defendant, Third Party Plaintiff, and now Cross Defendant, DeQuincy R. Richard, and Third Party Defendant Eric J. Rhine, as follows.

## I.
## COMPULSORY COUNTER-CLAIMS MADE AGAINST DEQUINCY R. RICHARD AND THIRD PARTY CLAIMS AGAINST ERIC J. RHINE

1)    Neither Gulf Offshore Logistics, LLC, nor REC, being residents and domiciliaries of Louisiana, have offices, reside, or do business in Texas, but in the Gulf of Mexico and Louisiana.

2)    Both Plaintiffs had agreements and have done business with Talos Energy, and similar others, with various offices some located

in Texas, but limited their contacts with said companies to marine work wholly located outside of Texas, and wholly within the Gulf of Mexico.

3) Commencing in May or June, 2019, DeQuincy Richard and his attorney, Eric Rhine, filed litigation against Talos Energy and others in Texas, being CA#3:19-cv-00179 on the docket in the federal district court located in Galveston, Texas.

4) Neither REC, nor Gulf Offshore Logistics, LLC, were directly named as defendants in said suit, were served, and had no direct contact with the litigation whatever.

5) In July 2019, Talos Energy and other Texas businesses, with whom cross claimants were contractually engaged were served with liens by Richard and Rhine, wrongfully seizing funds belonging exclusively to these parties.

6) Compulsory cross claimants third party plaintiffs had to engage counsel in Louisiana and Texas to defend against the negligently filed and erroneous litigation with wrongful seizures, and had to engage in needless litigation to protect their customers from payments of negligently seized funds in which cross and third party defendants knew they could never have a legitimate interest.

**7)** Third party cross defendants were either acting intentionally or acted maliciously in seizing or attempting to seize or lien claimants funds in Texas and are responsible for the loss and expenses, attorney fees, of their actions in Texas, even now extending into this litigation, as cross defendants, exercising

any amount of reasonable pre-caution or prudence, should know, or should have known, upon reasonable review, that the cross plaintiffs here had nothing whatever to do with DeQuincy Richard, his employment, his vessel, or his activities, as alleged by compulsory cross plaintiffs against cross-defendants' tortuous escapades in Texas.

## II.
**PRESERVATIONS OF CLAIMS AND ALLEGATIONS IN PRIOR PLEADINGS**

While at all times denying any and all liability, should any Defendant or combination thereof, be found liable, then the defendant would show that such acts for which the defendant(s) are held liable were not within the *privity* or knowledge of the owners and/or the operators of the **M/V Dustin Danos**. Therefore, Offshore Transport Services and/or REC are entitled to limit its/their liability to its/their interest in the **M/V Dustin Danos**, at the end of her voyage plus the freight then pending, pursuant to 46 U.S.C. § 183 *et seq.*

**WHEREFORE,** Compulsory Counter-Claimants, pray that this Compulsory Counter-Claim, Third Party claim be permitted, filed and served on DeQuincy R. Richard and Eric J. Rhine, as required by the applicable FRCP rules, and that after due proceedings have been had, there be judgment herein in cross-claimants, third party claimants in their favor and against compulsory cross-defendant, and third party defendant, DeQuincy R. Richard, and Eric J. Rhine, dismissing all of plaintiff's claims improper claims, with

prejudice, without restrictions at Richard's and Rhine's costs; and for all other general and equitable relief including attorney fees spent in defense of improper claims and/or liens made or filed against them in Texas; and a reasonable amount spent in pursuing damages for improper litigation against them in Texas and in Louisiana. Cross-claimants also seek all other general and/or equitable relief within the capacity of this Court to grant in this case.

**Respectfully Submitted,**

//Fred E. Salley

BY:_____
**FRED E. SALLEY, T.A. (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana 70434**
**Telephone: (985) 867-8830**
**Facsimile (985) 867-3368**
**Counsel for Plaintiff, Counter-Defendant, REC Marine Logistics, LLC, et.al**