UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REC MARINE LOGISTICS, LLC | § | C.A. NO. 2:19-cv-11149-LMA-DMD |
| | § | |
| V. | § | |
| | § | |
| DEQUINCY R. RICHARD | § | SEC. "I"     MAG. (3) |
| | § | |
| V. | § | |
| | § | |
| REC MARINE LOGISTICS, LLC, | § | |
| GULF OFFSHORE LOGISTICS LLC and | § | |
| OFFSHORE TRANSPORT SERVICES, LLC | § | |

**RICHARD'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through undersigned counsel, comes Defendant/Counter/Third-Party Plaintiff DeQuincy Richard ("Richard"), and respectfully moves this Honorable Court for an Order compelling Plaintiff/Counter-Defendant REC Marine Logistics, LLC ("REC Marine") to comply with its discovery obligations imposed by the Federal Rules of Civil Procedure, as well as the obligations imposed by the Court in its Order dated October 16, 2019 (Doc. 23), all as set forth below:

**I. BACKGROUND**

On November 6, 2018, while Richard was performing his duties in the service of the *Dustin Danos*, he sustained severe injuries on a vessel owned, operated, and/or crewed by REC Marine and Third-Party Defendants Gulf Offshore Logistics LLC and Offshore Transport Services, LLC. On the day of the incident, Richard was helping the captain tie-down the vessel at a platform in the Gulf of Mexico. As he descended a set of defective metal stairs on the back of the vessel, the grating that

comprised one of the steps shifted. As a result, Richard was thrown to the deck of the vessel, losing consciousness on impact, and sustaining injuries to his head, neck, back and right shoulder.

REC Marine filed this Complaint for Declaratory Relief on June 11, 2019. On August 8, 2019, Richard filed his Answer to the Complaint for Declaratory Judgment and asserted Counter-Claims against REC Marine and Third Party Claims against Gulf Offshore Logistics LLC and Offshore Transport Services, LLC, bringing claims for negligence, unseaworthiness of the vessel, and maintenance and cure. (Rec. Doc. 4). On September 10, 2019, "Defendants"[1] served their Initial Disclosures. Ex. 1. The Disclosures identified a number of documents, including an "Incident Report and attachments relating to 6th November 2018 reported incident on M/V Dustin Danos." *Id.* at p. 3. The Disclosures also listed other categories of documents on which "Defendants" intend to rely in this matter. No documents were produced with the Initial Disclosure Response. A number of witnesses were also identified, but "Defendants" failed to provide complete contact information for them, including phone numbers. Additionally, "Defendants" failed to provide a copy of any insurance policy.

On October 2, 2019, Counsel for Richard emailed counsel for "Defendants" and requested these documents be produced in accordance with the Federal Rules of Civil Procedure. "Defendants" then provided an illegible copy of the referenced incident report. Ex. 2. No other documents were received following this request. On October 3, 2019, counsel for Richard requested a vessel inspection of the *Dustin Danos*. No dates were provided by counsel for REC Marine for this

---

[1] The document produced is entitled "Defendants Initial Witness and Document Lists" and therefore named "Defendants" in connection with this Motion. To clarify for the record, DeQuincy Richard is a Defendant, Counter-Plaintiff and Third Party Plaintiff; REC Marine Logistics, LLC is a Plaintiff and Counter-Defendant, and Gulf Offshore Logistics, LLC and Offshore Transport Services, LLC are Third Party Defendants.

to occur. On October 16, 2019, the Court held a Status Conference wherein both the outstanding disclosure documents and the requested vessel inspection were discussed with the Honorable Judge Africk. The Court issued an Order following the Status Conference requiring in part:

> **IT IS ORDERED** that REC Marine Logistics, LLC shall provide DeQuincy R. Richard with initial disclosure requests by October 25, 2019.
> \*\*\*
> **IT IS FURTHER ORDERED** that the vessel inspection shall be completed no later than November 15, 2019, and that by October 25, 2019, REC Marine Logistics, LLC shall inform counsel for DeQuincy R. Richard of the time and dates when such inspection may occur.

(Rec. Doc. 23). Presumably in response to this Order, "Defendants" again served a Rule 26 Preliminary Report, but bizarrely provided even less contact information regarding witnesses. Ex. 3. "Defendants" again failed to provide a copy of the insurance coverage. Although some documents were provided by REC Marine in response to this Order, it has still refused to provide a legible copy of the Incident Report. REC Marine has also failed to provide inspection dates for the necessary vessel inspection to occur.

## II.  ARGUMENT & AUTHORITY

Discovery may be obtained about any matter that is not privileged and that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure require Initial Disclosures be produced, including "a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses". *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). A court may compel responses to disclosure if a party fails to make any disclosure required by Rule 26(a) or fails to permit inspection under Rule 34. Fed. R. Civ. P. 37(a)(3)(A)-(B). When a party fails to timely respond to disclosures or produce an item for inspection, the remedy

3

available to the party who propounded the requests is to apply to the court for an order compelling discovery. *Id.* "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Separate from the requirement to award expenses, for the violation of a previous Order, the court may "[treat] as contempt of court the failure to obey any order..." Fed. R. Civ. P. 37(b)(2)(A)(vii).

### A.     Failing to fully respond to initial disclosures

REC Marine has failed to provide documents with its initial disclosures, as required by the Federal Rules of Civil Procedure. It has now had two chances to do so, and failed on both accounts. Despite having an "Incident Report and attachments relating to 6th November 2018 reported incident on M/V Dustin Danos" in its possession, REC Marine has failed to produce a legible version of same. Ex. 2. None of the referenced "attachments" were produced, nor does Richard know what the attachments might entail. Insurance coverage has not been provided, nor has REC Marine provided full contact information for the witnesses identified. The disclosures also identify alleged prior interrogatory responses/deposition testimony from Richard from prior litigation, none of which has been produced. On October 16, 2019, REC Marine was Ordered by the Court to respond to initial disclosure requests by October 25, 2019. Despite the Court's Order, REC Marine has still failed to fully provide initial disclosure responses.

### B.     Failing to provide dates for inspection of the vessel

On October 3, 2019, counsel for Richard requested a vessel inspection of the *Dustin Danos*. No dates were provided by counsel for REC Marine. On October 16, 2019, the Court ordered REC Marine to provide dates for this inspection by October 25, 2019. Despite the Court's Order, REC Marine has not provided dates for said inspection.

### C.     Request for attorney's fees and sanctions

Under Rule 37, a court may sanction a party on motion, if that party fails to timely supplement or correct a response to discovery that is incomplete or incorrect. Fed. R. Civ. P. 37(c)(1); Fed. R. Civ. P. 26(e). To that end, the court may award reasonable attorney's fees and costs, caused by the party's failure to respond or supplement. Fed. R. Civ. P. 37(c)(1)(A). Rule 37 of the Federal Rules of Civil Procedure authorizes courts to appropriately respond to and deal with parties which have disobeyed discovery orders. *Chilcutt v. U.S.*, 4 F.3d 1313, 1319-1320 (5th Cir. 1993). A "court's discretion in fashioning appropriate sanctions for parties who disobey their orders is quite broad, though not unlimited." *Id.*

Rule 37(b)(2)(A) provides that if a party fails to obey an order to provide discovery, the Court may: (1) direct that facts be established as the prevailing party claims; (2) prohibit the disobedient party from introducing information into evidence or supporting or opposing claims or defenses; (3) strike the pleadings; or (4) dismiss the action in whole or in part. Additionally, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed. R. Civ. P. 37(d)(1)(A)(ii), (c)(1).

The Fifth Circuit has noted that sanctions under Rule 37 are "predicated upon the presence of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence." *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970); *see also*, *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) (reasoning that "sanctions are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant."). While "the Federal Rules do not explicitly provide an avenue to sanction attorneys who fail to comply with discovery orders . . . . there is no doubt" that a Court may exercise its inherent powers to sanction discovery abuses and to discipline attorneys who engage in obstructive behavior. *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410-11 (5th Cir. 1993).

REC Marine has now willfully disobeyed an Order of the Court regarding the outstanding disclosure documents and the refusal to provide inspection dates. The gross disobedience to the Court is enough on its face to justify a sanction for this conduct, but it has directly impacted Richard's ability to defend and prosecute the claims in this matter. Pursuant to the Scheduling Order in place, Richard is required to provide written expert reports by November 13, 2019. (Rec. Doc. 12). Without a legible copy of the incident report and its attachments, or an inspection of the vessel he has been placed in an untenable position. The Federal Rules of Civil Procedure authorize this Court to respond to the actions of REC Marine and its counsel via a proper sanction, left in the sound discretion of the Court.

*Signature follows–*

Respectfully submitted,

*/s/ Eric J. Rhine*
Eric J. Rhine (*admitted PHV*)
Texas Bar No. 24060485
erhine@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:     713-653-5600
Facsimile:      713-653-5656

KOCH & SCHMIDT, LLC
R. Joshua Koch, Jr. (Bar Roll No. 7767)
650 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 208-9040
Facsimile: (504) 208-9041

ATTORNEYS FOR RICHARD

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was automatically accomplished on all counsel of record through CM/ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure on this 31st day of October, 2019.

*/s/ Eric J. Rhine*
Eric J. Rhine