# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REC MARINE LOGISTICS, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 19-11149 |
| DEQUINCY R. RICHARD | SECTION "I" (3) |

## ORDER

Before the Court is DeQuincy R. Richard's Motion to Compel. [Doc. #29]. The motion is opposed [Doc. #31], and Richard has filed a reply. [Doc. #37]. Having reviewed the pleadings and the case law, the Court rules as follows.

**I.    Background**

This is a declaratory judgment action in which plaintiff seeks a declaration that is has no – or any further – obligation to pay maintenance and cure to defendant DeQuincy R. Richard, who is pursuing a claim for maintenance and cure for an alleged injury that he suffered onboard the M/V Dustin Danos while working as a deckhand. Plaintiff alleges that Richard suffered no injury nor did he fall ill on the vessel. It maintains that Richard fabricated the event, basing the injury on an old accident as evidenced by his medical records. It alleges that Richard failed to honestly report his prior injuries and failed to comply with plaintiff's policies and his Mariner's License.

Richard, however, maintains that he suffered injuries on the Dustin Danos. On the day of the incident, Richard was helping the captain tie-down the vessel at a platform in the Gulf of Mexico. As he descended a set of defective metal stairs on the back of the vessel, the grating that comprised one of the steps shifted. As a result, Richard was thrown to the deck of the vessel, losing consciousness on impact and sustaining injuries to his head, neck, back, and right shoulder.

Richard counterclaimed in this lawsuit, asserting negligence, unseaworthiness, and a claim for maintenance and cure.

## II.     The Parties' Positions

### A.     The Motion to Compel

Richard argues that REC Marine Logistic, L.L.C's ("plaintiff's") initial disclosures revealed a number of documents on which it intends to rely at trial, including an incident report. Plaintiff produced no actual documents with the disclosures. Plaintiff also identified a number of witnesses but failed to provide full contact information for those witnesses. Plaintiff also failed to produce the disclosed insurance policy. Plaintiff has since provided an illegible copy of the incident report.

After a status conference, the District Court ordered plaintiff to provide Richard with their initial disclosures by October 25, 2019 and to have the vessel inspection no later than November 14, 2019. Although plaintiff produced some documents after the order, it failed to produce all of the information or provide dates for the vessel inspection.

### B.     Plaintiff's Opposition

Plaintiff argues that Richard has been provided with all of the discovery material in its possession. It notes that Richard's counsel was provided with initial disclosures prior to the ordered date, and plaintiff provided answers to all six sets of discovery from defendant before the due date required by the federal rules. Plaintiff – who refers to Richard as plaintiff in their opposition – maintains that it provided Richard with all available documents before the due date.

With regard to the vessel inspection, plaintiff argues that it did not give Richard dates to inspect the vessel because Offshore Transport Services, L.L.C. does not currently operate or control the vessel which is wholly in the hands of and under the control of the bare boat charter operator in accordance with the existing, legally-binding contract between the owner and the charterer, as demonstrated by the affidavits of Monique Dufrene and Blaine Russell attached to its opposition. [Doc. ##43-2, 43-3].

**C.  Richard's Reply**

Richard argues that plaintiff has still failed to address the following deficiencies and to provide the following:

(1) legible version of the Incident Report;
(2) unknown attachments to that Incident Report;
(3) full contact information for the witnesses identified in the disclosures;
(4) prior interrogatory responses of Richard;
(5) prior deposition testimony of Richard;
(6) its insurance information.

Richard maintains that the District Court has already ordered that all of this information be provided and that dates for the vessel inspection be provided by October 25, 2019. [Doc. #23]. Richard also contends that plaintiff failed to respond to any of his requests for attorneys' fees for having had to file this motion.  He also asks the Court to strike the two affidavits submitted by plaintiff as unsigned and improper evidence.

**III.  Law and Analysis**

The Court makes short shrift of plaintiff's arguments.  The District Court's earlier Order provides:

> **IT IS ORDERED** that REC Marine Logistics, LLC shall provide DeQuincy R. Richard with initial disclosure requests by October 25, 2019.
> **IT IS FURTHER ORDERED** that REC Marine Logistics, LLC shall timely respond to any outstanding discovery requests by DeQuincy R. Richard.
> **IT IS FURTHER ORDERED** that the vessel inspection shall be completed no later than November 15, 2019, and that by October 25, 2019, REC Marine Logistics, LLC shall inform counsel for DeQuincy R. Richard of the time and dates when such inspection may occur.

[Doc. #23]. If plaintiff has failed to comply with any of the District Court's Order as outlined above, it shall do so **no later than five (5) business days from the date of this Order**.

With regard to the vessel inspection, the two affidavits submitted with the opposition attest that plaintiff REC Marine Logistics, L.L.C. is only the charterer of the M/V Dustin Danos, and Offshore Transport Services, L.L.C. is the naked owner of the vessel.[1] Thus, plaintiff maintains that it cannot provide dates for the vessel inspection because it is no longer the charterer. This argument is specious. Offshore Transport Services, L.L.C. – the owner of the vessel – is a third-party defendant in this lawsuit and represented by the same counsel as REC Marine Logistics, L.L.C. Accordingly, if they have not done so – and complied with the District Court's earlier order – plaintiff and/or Offshore Transport Services, L.L.C. as owner shall provide dates for the vessel inspection **no later than two (2) business days from the date of this Order**. Said vessel inspection shall occur **no later than seven (7) business days from the date of this Order**.

---

[1] Plaintiff corrected the submission of the unsigned affidavits by filing a motion to substitute proper affidavits [Doc. #43], which this Court granted. [Doc. #45].

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that DeQuincy R. Richard's Motion to Compel [Doc. #29] is GRANTED. This Order reserves the right to Richard to file the appropriate motion with supporting documentation to recover the fees and costs incurred for having had to file the motion to compel.

New Orleans, Louisiana, this 19th day of December, 2019.

                                                **DANA M. DOUGLAS**
                                                **UNITED STATES MAGISTRATE JUDGE**