UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| REC MARINE LOGISTICS, LLC | § | C.A. NO. 2:19-cv-11149-LMA-DMD |
|---|---|---|
| | § | |
| V. | § | |
| | § | |
| DEQUINCY R. RICHARD | § | SEC. "I"   MAG. (3) |
| | § | |
| V. | § | |
| | § | |
| REC MARINE LOGISTICS, LLC, | § | |
| GULF OFFSHORE LOGISTICS LLC and | § | |
| OFFSHORE TRANSPORT SERVICES, LLC | § | |

**RICHARD'S MEMORANDUM IN OPPOSITION TO
MOTION TO APPEAL AND REVERSE THE MAGISTRATE'S RULING**

NOW INTO COURT, through undersigned counsel, comes Defendant/Counter/Third-Party Plaintiff DeQuincy Richard ("Richard"), and, for his Memorandum in Opposition to the "Defendants'" Motion Under FRCP Rule 59(B)(2) to Appeal and Reverse the Magistrate's Ruling on Production of Vessel for Inspection (Rec. Doc. 51), would respectfully show:

**I. BACKGROUND**

The Court is well familiar with the background of this case, and, for brevity, Richard incorporates as if fully set forth herein, his Motion to Compel (Rec. Doc. 29), Reply Memorandum in Support (Rec. Doc. 37) and the Court's Order of December 19, 2019, granting Richard's Motion to Compel. (Rec. Doc. 49); Richard's Motion for Attorney's Fees (Rec. Doc. 50) and Reply Memorandum in Support (Rec. Doc. 57); and Richard's Motion for Sanctions (Rec. Doc. 58).

This Motion is yet another in a long line of attempts by REC Marine to delay and stall this lawsuit. The pending matter is an action that was actually filed by REC Marine. Despite the fact that REC Marine filed it, the company's actions indicate all it wants to do is delay the "just, speedy

and inexpensive determination" of Richard's claims. *See* Fed. R. Civ. P. 1. In the interest of judicial economy, Richard brought his counterclaims and third-party claims within this proceeding. All Richard has sought is what is allowed under the Federal Rules of Civil Procedure. A review of the docket in this matter will show REC Marine and the Third-party Defendants have engaged in a deliberate delay of the resolution of the claims brought in this lawsuit. Neither REC Marine nor the Third-Party Defendants should be rewarded by the Court for these actions. The Magistrate's Order was appropriate given the conduct of REC Marine, and REC Marine et al have failed to provide sufficient justification for it to be overturned.

## II. ARGUMENT & AUTHORITY

Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See* Fed. R. Civ. P.72(a). A district court reviews a magistrate judge's order pursuant to the standards set forth in the Federal Magistrate's Act, 28 U.S.C. §§ 631-39, and Federal Rule of Civil Procedure 72. Pursuant to these rules, non-dispositive pretrial motions are to be reviewed under the clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). A decision is clearly erroneous or contrary to law when the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Armour v. Hobart Corp.*, 1998 WL 886995, at * 1 (Dec. 18, 1998) (Clement, J.) (*citing Palacios Seafood, Inc. v. Piling, Inc.*, 888 F.2d 1509, 1513 (5th Cir. 1989)). Matters concerning discovery generally are considered non-dispositive to the litigation. *Recinos-Recinos v. Express Forestry, Inc.*, 2006 U.S. Dist. LEXIS 84583, 2006 WL 3388485, at *1 (E.D. La. Nov. 20, 2006) (Africk, J.) (*citing Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. 1981)).

### A. The Magistrate's ruling was neither clearly erroneous, nor contrary to law

The Motion –which "Defendants" (hereinafter "REC Marine et al") incorrectly cite to Federal Rule of Criminal Procedure 59(B)(2) as the basis for the relief requested– fails to present this Court with any explanation as to how the Magistrate's Order was either clearly erroneous, or contrary to law. The Motion does little to explain or justify REC Marine et al's repeated actions in violation of this Court's Order dated October 16, 2019. (Rec. Doc. 23).

The law is clear, discovery may be obtained about any matter that is not privileged and that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure require initial disclosures be produced, including "a copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses". *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). A court may compel responses to disclosure if a party fails to make any disclosure required by Rule 26(a) or fails to permit inspection under Rule 34. Fed. R. Civ. P. 37(a)(3)(A)-(B). When a party fails to timely respond to disclosures or produce an item for inspection, the remedy available to the party who propounded the requests is to apply to the court for an order compelling discovery. *Id.* The Magistrate's ruling was not in violation of any of the longstanding rules governing discovery. REC Marine et al have failed to produce numerous documents, and to produce their vessel for inspection. In her Order, Magistrate Douglas followed the existing law regarding this failure, and applied it to the underlying facts in this case. Her decision should not be overturned.

### B. The District Court has already heard, <u>and rejected</u>, the same argument

The arguments in the Motion may seem familiar to this Honorable Court. This is because they have already been raised to the District Court previously. On October 16, 2019, the Court held a Status Conference wherein both the outstanding disclosure documents and the requested vessel inspection that were the subject of Richard's Motion to Compel (Rec. Doc. 29) were discussed with the Honorable Judge Africk. During the Status Conference, counsel for REC Marine et al made the same claims they could not control the vessel they collectively own and operate. The Court previously did not give credence to these arguments. The Court issued an Order following the Status Conference requiring, in part:

> **IT IS ORDERED** that REC Marine Logistics, LLC shall provide DeQuincy R. Richard with initial disclosure requests by October 25, 2019.
> \*\*\*
> **IT IS FURTHER ORDERED** that the vessel inspection shall be completed no later than November 15, 2019, and that by October 25, 2019, REC Marine Logistics, LLC shall inform counsel for DeQuincy R. Richard of the time and dates when such inspection may occur.

(Rec. Doc. 23). REC Marine et al then repeated the same arguments to the Magistrate. They were rejected a second time, with the Magistrate Judge even referring to them as "specious". This appeal represents the third time the arguments will be made. No explanation has been provided by REC Marine et al as to why any of the prior rulings is incorrect.

### C. The Motion only addresses a portion of the Magistrate's Order

Although REC Marine et al continue to claim this Court lacks authority to order an inspection of the vessel, they fail to in any way challenge the remainder of the Magistrate's Order on the Motion to Compel. The Magistrate's Order governed more than just the inspection complained of in the pending Motion, it also addressed REC Marine et al's failure to provide responsive documents along

with their initial disclosures. "If plaintiff has failed to comply with any of the District Court's Order as outlined above, it shall do so **no later than five (5) business days from the date of this Order**." *See* Order at p. 3 (emphasis in original). REC Marine et al fail to address this portion of the Order.

### III. CONCLUSION

REC Marine et al willfully disobeyed an Order of the Court regarding the outstanding disclosure documents and the refusal to provide inspection dates. The Magistrate correctly applied longstanding law to the facts related to this discovery dispute. The Magistrate's Order should be upheld. Richard prays for all other relief to which he may be entitled.

        Respectfully submitted,

        */s/ Eric J. Rhine*
        Eric J. Rhine (*admitted PHV*)
        Texas Bar No. 24060485
        erhine@spaglaw.com
        SPAGNOLETTI LAW FIRM
        401 Louisiana Street, 8th Floor
        Houston, Texas 77002
        Telephone:   713-653-5600
        Facsimile:   713-653-5656

        KOCH & SCHMIDT, LLC
        R. Joshua Koch, Jr. (Bar Roll No. 7767)
        650 Poydras Street, Suite 2660
        New Orleans, Louisiana 70130
        Telephone: (504) 208-9040
        Facsimile: (504) 208-9041

        ATTORNEYS FOR RICHARD

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was automatically accomplished on all counsel of record through CM/ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure on this 13th day of January, 2020.

*/s/ Eric J. Rhine*
Eric J. Rhine