UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REC MARINE LOGISTICS, LLC | CIVIL ACTION |
| VERSUS | No. 19-11149 |
| DEQUINCY R. RICHARD, ET AL. | SECTION I |

ORDER & REASONS

Before the Court is a motion[1] by REC Marine Logistics, LLC, et al. ("REC Marine") to appeal and reverse the order[2] of the United States Magistrate Judge granting DeQuincy R. Richard's ("Richard") motion[3] to compel. REC Marine objects to the Magistrate Judge's ruling with respect to the vessel inspection of the *Dustin Danos* ("M/V Danos").[4] For the following reasons, the motion is denied.

I.

This action arises from REC Marine's request for declaratory relief from Richard's demand for maintenance and cure for alleged injuries that Richard sustained as a deckhand employed on the M/V Danos.[5] Richard asserts that his injuries were caused by the negligence of REC Marine and third-party defendants, Offshore Transport Services, LLC ("Offshore Transport") and Gulf Offshore Logistics,

---

[1] R. Doc. No. 51.
[2] R. Doc. No. 49.
[3] R. Doc. No. 29.
[4] The Court is puzzled as to why Richard filed a motion to compel before the United States Magistrate Judge, as opposed to this Court, as REC Marine allegedly failed to comply with this Court's order.
[5] *See* R. Doc. No. 1.

1

LLC ("Gulf Offshore"), and by the unseaworthiness of the M/V Danos.[6] REC Marine denies that Richard sustained any injuries from his service on the M/V Danos and contends, instead, that Richard's alleged accident and injuries are fabricated.[7]

Discovery in this matter has been far from expeditious. On October 16, 2019, the Court held an in-chambers status conference with counsel for all parties to discuss, inter alia, issues pertaining to the delayed progress of discovery. These issues included Richard's outstanding requests for a vessel inspection of the M/V Danos and other discovery matters, as well as REC Marine's failure to provide Richard with initial disclosure requests. Based on counsel for REC Marine's affirmation to the Court that REC Marine would notify Richard's counsel of the dates and times when the inspection of the M/V Danos could occur, the Court issued an order for such notification to occur by October 25, 2019 and for the inspection to be completed by November 15, 2019.[8] The Court also ordered REC Marine to timely respond to Richard's outstanding discovery requests.[9]

As of October 31, 2019, REC Marine had not fully complied with the Court's order, and Richard filed a motion to compel before the Magistrate Judge.[10] In response, REC Marine asserted that it had adequately responded to Richard's discovery requests and that the M/V Danos had not been made available for inspection because although Offshore Transport is the "bare owner" of the M/V Danos,

---

[6] R. Doc. No. 4, at 4.
[7] R. Doc. No. 1, at 1–2.
[8] R. Doc. No. 23.
[9] *Id.*
[10] *See* R. Doc. No. 29.

it "does not currently operate or control the vessel."[11] Instead, REC Marine asserted, the M/V Danos is "under the command and control of the charterer," who controls the vessel's "operations and movements."[12]

After reviewing the parties' arguments, on December 19, 2019, the Magistrate Judge granted Richard's motion to compel and ordered that REC Marine comply with this Court's October 16, 2019 order.[13] As of the date of the Magistrate Judge's ruling, REC Marine still had not notified Richard of the dates and times when the M/V Danos would be available for inspection nor responded to six categories of discovery requests by Richard.[14]

The Magistrate Judge concluded that REC Marine's argument with respect to its inability to provide the dates and times for the vessel inspection was "specious."[15] While REC Marine may not possess ownership over the vessel, third-party defendant Offshore Transport—who is represented by the same counsel as REC Marine—does.[16] Accordingly, the Magistrate Judge ordered REC Marine and/or Offshore Transport to provide the dates for the vessel inspection no later than two business days from the

---

[11] R. Doc. No. 31, at 2.
[12] *Id.* Counsel for REC Marine asserts that he conveyed this information to the Court at the October 16, 2019 status conference. *See id.* Regardless, when the Court inquired at the in-chambers status conference as to whether the vessel could be made available for inspection, counsel for REC Marine answered the Court in the affirmative.
[13] R. Doc. No. 49.
[14] *Id.* at 3.
[15] *Id.* at 4.
[16] *See* R. Doc. No. 31, at 2, 4.

3

date of her order, and also ordered that the inspection occur within seven business days of the date of her order.[17]

## II.

A Magistrate Judge's ruling on a non-dispositive discovery motion may only be set aside if it is "clearly erroneous or is contrary to law."[18] *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). A finding is "clearly erroneous" when the reviewing court is "left with a definite and firm conviction that a mistake has been committed." *In re Mid-S. Towing Co.*, 418 F.3d 526, 534 (5th Cir. 2005) (citing *Walker v. Braus*, 995 F.2d 77, 80 (5th Cir. 1993)).

REC Marine has not demonstrated that the Magistrate Judge committed any error in her ruling on the vessel inspection of the M/V Danos. Although REC Marine maintains that it lacks control over the vessel's movements, the affidavit of Blaine Russell, which REC Marine submitted to the Court, states that REC Marine "navigates the [M/V Danos] to the requested location when ordered to do so."[19] Given this representation and its previous affirmation to the Court, REC Marine has not

---

[17] R. Doc. No. 49, at 4. Although the Magistrate Judge was inconsistent in her rulings with respect to the deadlines for the vessel inspection, counsel for REC Marine failed to comply with any of the deadlines that the Magistrate Judge ordered. Instead, it appears that counsel for REC Marine disregarded such deadlines and filed his objections to the Magistrate Judge's rulings near the end of the fourteen-day period when such objections were due. *See* Fed. R. Civ. P. 72(a).

[18] REC Marine erroneously brings its motion pursuant to Federal Rule of Criminal Procedure 59(b)(2). *See* R. Doc. No. 51, at 1; R. Doc. No. 51-1, at 1. Notwithstanding, the Court will consider REC Marine's motion pursuant to Federal Rule of Civil Procedure 72(a).

[19] R. Doc. No. 43-3, at 1.

4

explained why it would not be able to provide Richard with the dates and times at which Richard may inspect the vessel at a specified place, particularly when it appears that REC Marine has the authority to order the vessel to be at a requested location. The Court does not have any conviction that the Magistrate Judge committed any mistake in her order.

### III.

Accordingly,

**IT IS ORDERED** that the motion is **DENIED**.

**IT IS FURTHER ORDERED** that by **JANUARY 24, 2020**, REC Marine shall provide Richard with the date, time, and location at which the vessel inspection of the M/V Danos may occur, and that by **JANUARY 31, 2020**, such inspection shall be completed. Failure to comply with this order may result in a contempt finding and additional sanctions against counsel for REC Marine.

**IT IS FURTHER ORDERED** that REC Marine shall comply with all outstanding discovery requests by **JANUARY 31, 2020**.

**IT IS FURTHER ORDERED** that REC Marine shall pay attorneys' fees and costs incurred by Richard in connection with REC Marine's motion to appeal and reverse the Magistrate Judge's December 19, 2019 order. Richard shall provide, for the Court's review, an affidavit detailing the attorneys' fees and costs incurred in connection with such appeal by January 31,2020.

New Orleans, Louisiana, January 22, 2020.

                                           _____
                                                 **LANCE M. AFRICK**
                                       **UNITED STATES DISTRICT JUDGE**