# Salley & Associates
Attorneys

Fred E. Salley

P.O. Box 3549
77378 Hwy 1081
Covington, Louisiana 70434
fsalley@charter.net

Telephone:   985-867-8830
Tele. WA:    504-450-3880
Facsimile:   985-867-3363

### 27th January 2020

<u>*Via facsimile* (504) 589-7710</u>

Honorable Dana Douglas
Magistrate Div #3
500 Poydras Street, Rm. B335
New Orleans, La. 70130

   Re: REC Marine vs. DeQuincy R. Richard
      <u>CA #19-11149 USDC EDLa.</u>
      <u>MyFile FS-19-653</u>

Dear Magistrate Douglas:

  Defendants in the captioned and entitled litigation provide their position for the settlement conference which has been scheduled for 30th January 2020 at 2:00PM.

  Defendants number three in the captioned and entitled civil action. Defendant, **Gulf Offshore Logistics, LLC.,** has absolutely nothing to do with Richard or with any activities for which he has filed suit, and unless dismissed, will litigate this matter to conclusion.

  Defendant, **Offshore Transport Service, LLC**., is, and was, the naked owner of the **<u>MV Dustin Danos,</u>** when Richard alleges he sustained an injury on 6th November 2018, while trying out as a deckhand on the vessel, working only about six hours for his employer, before he staged an accident and alleged a pre-existing injury as his complaint. The vessel was chartered to W&T Offshore, a Texas company, who was in control of the operation, management, and navigation of the vessel, **M/V Dustin Danos**. Offshore Transport was not operating, navigating or manning the vessel, all of which had been contracted to W&T, and thus Offshore Transport, had no liability for fault or negligence or lack of seaworthiness for Richard's alleged accident and injury, which this defendant believes was staged or faked, as Richard complained of what could only have been a pre-existing injury or condition, which he had hidden from medical examination, prior to going to work for REC.

  As stated, **REC** was the contract operator of the vessel and the employer of Richard for six hours, when he alleges his injury. Their witnesses will testify that Richard staged this accident and alleged an injury that did not occur on the vessel on 6th November. He used an old injury or condition to make his claim. Richard apparently had sustained an old injury which he

tried to hide from REC. The facts, and REC, deny they are at fault or liable in any fashion for this incident.

In order to avoid trial expenses for an expensive jury trial, Counsel will recommend that REC offer $25,000 as a compromise on the case, while reserving all the rights of Gulf Offshore Logistics to recover the huge fees and costs it has incurred for dealing with an improperly filed suit by Mr. Rhine in Texas federal court.

With kindest regards, I am

Sincerely

Fred E. Salley

FES/fng/STF

Cc      Josh Koch *facsimile* 504-208-9041