UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REC MARINE LOGISTICS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-11149** |
| **DEQUINCY R. RICHARD, ET AL.** | **SECTION I** |

## ORDER

The Court held a pretrial conference on this date with counsel for all parties participating. The Court reminded counsel for REC Marine Logistics, LLC ("REC Marine"), Gulf Offshore Logistics, LLC, and Offshore Transport Services, LLC that the sanction previously ordered by this Court is payable on **MARCH 5, 2020**.[1]

Pursuant to the discussion at the conference,

**IT IS ORDERED** that by **FEBRUARY 21, 2020**, counsel for REC Marine shall provide counsel for DeQuincy R. Richard ("Richard") with all insurance policies of REC Marine, Gulf Offshore Logistics, LLC, Offshore Transport Services, LLC, and any other entity that arguably provide coverage with respect to the claims in this matter.

**IT IS FURTHER ORDERED** that the parties shall participate in a discovery conference with the United States Magistrate Judge on **MARCH 9, 2020 at 9:00**

---

[1] *See* R. Doc. No. 68.

**A.M.** to review discovery requests, requests for admissions, and initial disclosures that have been served; the response, or lack thereof, to such requests; any disagreements the parties may have with respect to such requests and responses; and any witness and exhibit lists.[2]

**IT IS FURTHER ORDERED** that the parties shall participate in a settlement conference before the Magistrate Judge on **MARCH 9, 2020**.

**IT IS FURTHER ORDERED** that REC Marine shall provide Richard with the expert report of Dr. Casey within three weeks of Dr. Casey's examination of Richard.

**IT IS FURTHER ORDERED** that by **MARCH 11, 2020**, REC Marine shall file a memorandum of law with respect to the burdens of proof for a claim of unseaworthiness when the vessel is under bareboat charter,[3] whether an unseaworthiness claim may be pursued without an *in rem* seizure of the vessel, and whether a successful *McCorpen* defense would bar a Jones Act claim.[4] Richard shall file a response by **MARCH 25, 2020**.

**IT IS FURTHER ORDERED** that trial shall be **CONTINUED**. A new pretrial conference date and trial date shall be scheduled after the discovery and

---

[2] The parties should bring to the conference all discovery requests filed by a party, responses to such requests, and evidence of such requests and responses having been served.

The Magistrate Judge may hold an evidentiary hearing, if necessary, to resolve any disagreements.

[3] *See Jones v. United States*, 936 F.3d 318, 323–24 (5th Cir. 2019); *Picou v. D & L Towing, Inc.*, No. 09-2810, 2010 WL 2696468, at *2 (E.D. La. July 2, 2010).

[4] *See Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 301 (5th Cir. 2008).

settlement conferences with the Magistrate Judge. All other dates and deadlines remain in place as previously set forth.

New Orleans, Louisiana, February 11, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**