UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
REC Marine Logistics, LLC,           )      CIVIL ACTION
Plaintiff                            )
                                     )      NO.2:19-cv-11149-LMA-DMD
versus                               )
                                     )
DeQuincy R. Richard                  )      JUDGE Africk
Defendant                            )      MAGISTRATE (3)
_____ )
```

## MEMORANDUM IN SUPPORT OF DEFENDANTS' COUNSEL'S MOTION TO REVERSE AND ELIMINATE COURT'S ORDERED SANCTIONS

The Court's order of 5th February sanctioning counsel is inexplicable as Counsel is unaware of any infraction of the Court's rules, and was only representing his clients' interests in this litigation concerning production and inspection of the **M/V Dustin Danos,** which throughout this litigation and at the time of the order for inspection, was not in fact in the control or command of any party in the litigation including, Offshore Transport Services, LLC, the naked owner of the vessel.

According to the attached sworn Affidavit of Mr. Todd Danos, participant and manager of Offshore Transport Services, LLC, attached here as Exhibit I, the command and control of this vessel passed months previously (February 2019) pursuant to a charter contract between Offshore Transport Services, LLC, to Talos Energy located in Texas. Accordingly, no defendant in the instant litigation ever had command or control of the vessel, and no legal means to produce it on demand. Counsel announced this situation during the initial fall conference with the Court which established the trial and other cut off dates. The Court may not have actually understood that no one in this litigation had the legal right to command the vessel. The situation also benefitted the Plaintiff, as he repeatedly tried to push Defendants around over production of the vessel that no one in the suit, or state controlled. After considerable effort, undersigned Counsel

and his clients, recently convinced the charterer, Talos, to permit Plaintiff's expert, Mr. Borison, to board the vessel, but he only stayed about thirty minutes. Prior queries to Plaintiff's counsel had indicated Plaintiff's Counsel wanted to bring several people onto the vessel, and that it would require three to four hours. Counsel now wonders if this was simply a feint which would give Plaintiff more to complain about. If so, it apparently worked, but it may mean that the case will have to be tried to resolve the issues. In any event, undersigned Counsel, is wondering what sanctions were based upon, and moves for their removal.

**Respectfully Submitted,**

//Fred E. Salley

BY:_____
**FRED E. SALLEY, T.A.   (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana   70434
Telephone: (985) 867-8830
Facsimile  (985) 867-3368
Counsel for Plaintiff, REC**
Marine Logistics, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid this 13th Day of February 2020

.

s/ Fred E. Salley
_____
**FRED E. SALLEY, T.A.   (11665)**