```
              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

REC Marine Logistics, LLC,      )    CIVIL ACTION
Plaintiff                       )
                                )    NO.2:19-cv-11149-LMA-DMD
versus                          )
                                )
DeQuincy R. Richard             )    JUDGE Africk
Defendant                       )    MAGISTRATE (3)
_____ )
```

**MEMORANDUM OF LAW TO REVERSE AND CORRECT PRIOR RULING**

At a recent conference with the Magistrate (9th March 2020), Counsel was aggressively confronted with a problem regarding an attempted service by Richard's counsel, of several pleadings, including some discovery pleadings, that were allegedly left by his private server at Counsel's residence in November 2019. The attempted service was invalid under the existing rules, FRCP, and of no effect.

For several years, the Eastern District Court Rules in New Orleans have mandated that counsel file pleadings with the Court and serve other counsel, by using the Court' own electronic filing system. The court's ECF system works interactively with Louisiana's State Bar registry because the bar registry monitors an attorney's status, bar membership, phones, addresses, and whether the attorney is still in good standing. The registry information is placed on every document filed in state or federal court. It provides other counsel in the case, a bar

number, phone numbers, email, and the attorney's registered address for service or other contacts.

Certain files or data exchanged between attorneys sometimes requires use of an alternative method of exchange which does not rely on the Court's electronic filing system.  The most useful method of service for discovery or other materials, that are not going to be filed of record, is the use of counsel's bar registered, email address, which are contained within the signature block appearing on counsel's documents or other published papers.  Although the Court's ECF might provide transmission for court papers, the item may not be intended for filing in the court record.  In that case, the transmittal or service can just as easily be transmitted to other counsel by email using the email address that forms a part of counsel's permanent signature, or registry block.

Opposing counsel's arbitrary, but intentional decision, to serve case pleadings, including discovery meant for clients, at a non-registered, residence address leads to a wholly <u>invalid</u> service(as here). Aberrant, arbitrary and/or changeable service locations for the same attorney are not permitted under the rules (See FRCP Rule 5) in this useage, because it strips the "client" of its/their substantive and procedural due process

protections, which they are entitled and guaranteed to receive, and they are built into the **FRCP.**

Under the new service rules mandated by recent changes to the Federal Rules of Civil Procedure, litigants may use more than one method of service for discovery and related matters, but trying to make a drop service of anything on an attorney's residence, unless the attorney registers the residence address as a service location, is not permitted by the rules and any attempted service at the location is simply null and void.

In this case, the attorneys representing Mr. Richard, had the correct addresses for all services in their file, and could simply have emailed the service materials to the email address registered in the signature block, or shown on the bar registry, and with the Court.  They wanted to make a statement that they knew where Counsel's residence address was, and in trying to make service at that restricted location, failed to effect a valid service.

The invalid service was the fault of the Plaintiff's counsel, and it is not appropriate here for them to expect Defendants counsel to jump through hoops to correct their intentional error.  They did it and should have to fix it at their own time and expense.

REC, *et. al*. are entitled to a clean, correct service of the Court papers, with all the rights and privileges that it brings. There is no rush or shortage of time within which Plaintiff could correct his own self-created service problem. It would be manifest injustice for them to expect that Defendants' are obliged to participate in the fix.

It is suggested that the Court withdraw, reverse, or amend, it's initial invalid ruling, and remove REC *et. al*. from any blame in this travesty. If it is important, Richard's attorneys can correctly re-serve; but it is noted that the original service blunder occurred in November 2019, but no effort to fix the blunder occurred until March 2020.

Submitted by:

/s/ Fred E. Salley

_____
**FRED E. SALLEY, T.A.   (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana   70434**
**Telephone: (985) 867-8830**
**Facsimile  (985) 867-8927**
**Counsel for Defendant, REC**
Marine Logistics, LLC, *et. al*.

## **CERTICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid this 12th Day of March 2020

/s/ Fred E. Salley
_____
**FRED E. SALLEY, T.A.   (11665)**