# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REC MARINE LOGISTICS, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 19-11149 |
| DEQUINCY R. RICHARD | SECTION "I" (3) |

## ORDER

Before the Court are DeQuincy R. Richard's Motion for Attorney's Fees [Doc. #50] and DeQuincy R. Richard's Motion for Sanctions. [Doc. #58]. The motion for fees is opposed [Doc. #53], and Richard filed a reply. [Doc. #57]. The motion for sanctions is unopposed. Having reviewed the pleadings and the case law, the Court rules as follows.

**I.      Background**

This is a declaratory judgment action in which plaintiff seeks a declaration that it has no – or any further – obligation to pay maintenance and cure to defendant DeQuincy R. Richard, who is pursuing a claim for maintenance and cure for an alleged injury that he suffered onboard the M/V Dustin Danos while working as a deckhand. Plaintiff alleges that Richard suffered no injury nor did he fall on the vessel. It maintains that Richard fabricated the event, basing the injury on an old accident as evidenced by his medical records. [Doc. #1 at p. 1]. It alleges that Richard failed to honestly report his prior injuries and failed to comply with plaintiff's policies and his Mariner's License.

Richard, however, maintains that he suffered injuries on the Dustin Danos. The answer [Doc. #4] alleges the following facts. On the day of the incident, Richard was helping the captain tie-down the vessel at a platform in the Gulf of Mexico. As he descended a set of defective metal stairs on the back of the vessel, the grating that comprised one of the steps shifted. As a result,

Richard was thrown to the deck of the vessel, losing consciousness on impact and sustaining injuries to his head, neck, back, and right shoulder. Richard counterclaimed in this lawsuit, asserting negligence, unseaworthiness, and a claim for maintenance and cure.

**II.     The Motion for Attorney's Fees [Doc. #50]**

On December 19, 2019, this Court granted plaintiff's motion to compel. [Doc. #49]. In that order, this Court reserved the right to plaintiff to file the appropriate motion with supporting documentation to recover his fees and costs incurred in the filing of the motion. [*Id.*]. Plaintiff now so moves and seeks $4,410.00 as fees and costs for that motion. [Doc. #50].

Under Rule 37, a court may sanction a party on motion, if that party fails to timely supplement or correct a response to discovery that is incomplete or incorrect. Fed. R. Civ. P. 37(c)(1); Fed. R. Civ. P. 26(e). To that end, the court may award reasonable attorney's fees and costs caused by the party's failure to respond or supplement. Fed. R. Civ. P. 37(c)(1)(A). Rule 37 of the Federal Rules of Civil Procedure authorizes courts to appropriately respond to and deal with parties who have disobeyed discovery orders. *Chilcutt v. United States*, 4 F.3d 1313, 1319-1320 (5th Cir. 1993). A "court's discretion in fashioning appropriate sanctions for parties who disobey their orders is quite broad, though not unlimited." *Id.*; *see also Noranda Alumina, L.L.C. v. Associated Terminals, L.L.C.,* No. CV 16-16677, 2018 WL 297248, at *4 (E.D. La. Jan. 3, 2018)*, report and recommendation adopted,* No. CV 16-16677, 2018 WL 1092213 (E.D. La. Feb. 28, 2018)*, aff'd sub nom. Noranda Alumina, L.L.C. v. Associated Terminals, L.L.C.*, 754 F. App'x 283 (5th Cir. 2019.

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party fails to obey an order to provide discovery, the Court may (1) direct that facts be established as the prevailing party claims; (2) prohibit the disobedient party from introducing information into evidence or supporting or opposing claims or defenses; (3) strike the pleadings; or (4) dismiss the action in whole or in part. Additionally, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed. R. Civ. P. 37(d)(1)(A)(ii), (c)(1).

In this Court's earlier order granting Richard's motion to compel, this Court noted that the District Court's earlier order had provided:

> **IT IS ORDERED** that REC Marine Logistics, LLC shall provide DeQuincy R. Richard with initial disclosure requests by October 25, 2019.
> **IT IS FURTHER ORDERED** that REC Marine Logistics, LLC shall timely respond to any outstanding discovery requests by DeQuincy R. Richard.
> **IT IS FURTHER ORDERED** that the vessel inspection shall be completed no later than November 15, 2019, and that by October 25, 2019, REC Marine Logistics, LLC shall inform counsel for DeQuincy R. Richard of the time and dates when such inspection may occur.

[Doc. #23]. Because plaintiff had failed to fully comply with any of the District Court's order as outlined above, this Court ordered it to do so no later than five (5) business days from the date of this Court's order. [Doc. #49]. This Court also ordered plaintiff to provide the vessel for inspection no later than seven days from the date of the order. [*Id.*]. Plaintiff did not do so.

In its opposition to Richard's motion for attorneys' fees, plaintiff argues only that this Court was incorrect in its ruling that compelled the vessel for inspection. [Doc. #53]. The District Court upheld this Court's ruling in full [Doc. #61], so such arguments are now stale.

### A. The Lodestar Approach

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, this Court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The

fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir. 1992).

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when she requests that the lodestar be computed at her 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

Eric Rhine is counsel for Richard in this lawsuit. Rhine seeks $450.00/hour. He is an attorney licensed in Texas and has practiced law for 13 years in that state. Reviewing the case law in **this** district, the Court finds that $450.00/hour for Rhine is unreasonable. *See, e.g., Batiste v. Lewis*, Civ. A. No. 17-4435, 2019 W: 1591951, at *3 (E.D. La. Apr. 12, 2019) (awarding $200.00/hour to attorney with five years experience); *Hubert v. Curren*, Civ. A. No. 18-7069, 2018 WL 4963595 (E.D. La. Oct. 15, 2018) (reducing rate of partner with 17 years experience from $400.00/hour to $300.00/hour as prevailing rate in this district); *Sanchez v. Pizzati Enters., Inc.*, No. 17-9116, 2018 WL 3954866, at *4 (E.D. La. Aug. 16, 2018) (finding $325 to be a reasonable hourly rate for an attorney with 15 years of labor and employment experience); *Alfasigma USA,*

5

*Inc. v. EBM*, Civ. A. No. 17-7753, 2018 WL 3869496, at *4 (E.D. La. Aug. 15, 2018) (finding that $325 per hour was a reasonable rate for an attorney with 23 years of specialized experience in products liability litigation); *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 6344021, at *2 (E.D. La. Dec. 12, 2017) (finding that $350 was a reasonable hourly rate for an attorney with over 17 years of experience, with particular expertise in the area of mortgaged vessels); *Parkcrest Builders, L.L.C. v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4682297, at *2 (E.D. La. Oct. 18, 2017) (finding $225 to be a reasonable hourly rate for a managing partner with 35 years of construction law experience); *Curry v. Lou Rippner, Inc.*, No. 14-1908, 2016 WL 236053, at *6 (E.D. La. Jan. 20, 2016) (finding that $210 was a reasonable hourly rate for a founding partner with more than 15 years of experience); *Norris v. Causey*, No. 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016) (finding that $250 was a reasonable hourly rate for an attorney with 31 years of experience). Pursuant to this case law, the Court finds that $375.00/hour for an attorney with 13 years of experience is reasonable in this district.

The party seeking the fee also bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary . . ." *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement" *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002)

(quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Cameron v. Greater New Orleans Fed. Credit Union*, Civ. A. No. 16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

Rhine contends that he expended 9.8 hours on work associated with drafting the earlier motion to compel. He maintains that he contacted counsel via email on numerous occasions regarding the refusal to produce documents and to provide the vessel for inspection, he drafted the motion to compel and attendant memorandum in support, reviewed plaintiff's counsel's opposition to the motion, drafted the reply memorandum and the attendant motion for leave to file the reply and memorandum in support, tried to confer with opposing counsel regarding the motion, and performed legal research associated with the filing of the motion. The Court thus finds that 9.8 hours are reasonable under these circumstances. Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that DeQuincy R. Richard's Motion for Attorney's Fees [Doc. #50] is GRANTED IN PART in that this Court awards Richard's counsel the amount of $3,675.00.

### III. The Motion for Sanctions [Doc. #58]

Richard filed a motion for sanctions in which he seeks sanctions against REC Marine for its failure to comply with this and the District Court's discovery orders – as outlined above – and

against Fred B. Salley, counsel for REC Marine, for his behavior at the Rule 30(b)(6) deposition of plaintiff.

Specifically, Richard seeks sanctions for Salley's unprofessional conduct during plaintiff's deposition, including 145 interruptions during questioning, 16 instructions to the witness not to answer, 106 objections (including 52 speaking objections), and 11 instances of Salley interrupting the testimony to ask his own questions when the witness was still on cross examination. Richard also contends that Salley coached the witness and failed to prepare the Rule 30(b)(6) representative to respond to the topics in the notice of deposition. Richard also argues that the deposition revealed that the interrogatories propounded by Richard on plaintiff were never responded to by REC Marine, and, in fact, Salley responded to them without ever showing them to his client, and he maintains that Salley misrepresented to this Court that certain affidavits that supported the discovery responses were missing when Salley had never had them executed. Richard also points out that both the Fifth Circuit and the Eastern District of Louisiana have sanctioned Salley before. Richard asks this Court for an order in which REC Marine and Salley are sanctioned by this Court for conduct occurring during the deposition, they pay Richard's attorney's fees incurred in both preparing for and attending the deposition of REC Marine, and they pay the expenses incurred for the deposition of REC Marine and the attorney's fees incurred in the preparation of his motion.

Pursuant to Federal Rule of Civil Procedure 30(c)(1), "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence. . . ." Fed. R. Civ. P. 30(c)(1). "During the taking of a deposition the witness has, in general, the same

rights and privileges as would a witness testifying in court at a trial." 8A Wright, Miller and Marcus, Federal Practice and Procedure § 2113 (2d ed. 1994).

> As officers of the court, counsel are expected to conduct themselves in a professional manner during a deposition. A deposition is intended to permit discovery of information in the possession of the deponent or perpetuate the testimony of the deponent. In either case, it is to be conducted in a manner that simulates the dignified and serious atmosphere of the courtroom. Thus, the witness is placed under oath and a court reporter is present. Conduct that is not permissible in the courtroom during the questioning of a witness is ordinarily not permissible at a deposition. . . . A deposition is not to be used as a device to intimidate a witness or opposing counsel so as to make that person fear the trial as an experience that will be equally unpleasant, thereby motivating him to either dismiss or settle the complaint.

*Bordelon Marine, Inc. v. F/V Kenny Boy*, Civ. A. No. 09-3209, 2011 WL 164636, at *5 (E.D. La. Jan. 19, 2011) (citing *Ethicon Endo-Surgery v. U.S. Surgical Corp.*, 160 F.R.D. 98, 99 (S.D. Ohio 1995)). Pursuant to Rule 30(c)(2),

> [a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2). "Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond." Fed. R. Civ. P. 30(c) Advisory Committee's Note, 1993 amendments. Appropriate objections include the form of the question or the responsiveness of an answer. *Id.* "Directions to a deponent not to answer a question can be even more disrupting than objections." *Id.* Under Rule 30(d)(2),

> [t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent.

Fed. R. Civ. P. 30(d)(2).

> The rule also explicitly authorizes the court to impose the cost resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction. This sanction may be imposed on a non-party witness as well as a party or attorney, but is otherwise congruent with Rule 26(g).

Fed. R. Civ. P. 30(d) Advisory Committee's Note, 1993 amendments. And, as noted above, this Court can order a party to pay opposing counsel's fees and costs incurred in the filing of the motion.

Here, Richard ask the Court to order Salley and his client to (1) pay attorney's fees and costs associated with the deposition of REC Marine; (2) pay attorney's fees associated with the drafting and filing of this motion; (3) order that Salley individually be sanctioned $1,000.00, payable immediately to counsel for Richard; and (4) require Salley to attend in person an additional 25 hours of CLE specifically on the topics of ethics and/or professionalism.

Of the 255-page transcript of the deposition, Salley appears on 170 pages. Salley objected 106 times, 52 of which were lengthy speaking objections. There are long, speaking objections that cover entire pages of the transcript. One speaking objection and Salley's attendant argument, which followed a question asking the deponent when an affidavit was signed, covers in excess of six pages of the transcript. Examples of Salley's objections (and accusing Richard's counsel of having committed a crime a crime at the deposition) exist at Doc. #58-3 at pp. 31-34, 213.

That is simply a smattering of cites to Salley's objections from the transcript. He also instructed the witness not to answer 16 times. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to

present a motion under Rule 30(d)(3)." Rule 30(c)(2); *Bordelon Marine*, 2011 WL 164636, at *6. "Directions to a deponent not to answer a question can be even more disrupting than objections." Rule 30, 1993 Advisory Committee note. This Court's review of the record reveals that none of these instructions was based on a valid reason under Rule 30. [*See id.* at pp. 62-63, 65, 77-79, 85-86].

Richard also argues that Salley had not prepared the witness properly for the corporate deposition, thus frustrating the taking and efficient timing of the deposition. The Fifth Circuit has held:

> Rule 30(b)(6) streamlines the discovery process. It places the burden of identifying responsive witnesses for a [deposition] on the corporation. Obviously, this presents a potential for abuse which is not extant where the party noticing the deposition specifies the deponent. When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.

*Resolution Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 198 (5th Cir. 1993). The deponent admitted that he had not prepared for the corporate deposition. [*See* Doc. #53 at p. 31].

> 11 BY MR. RHINE:
> 12 Q Who gave the specific -- who gave the
> 13 specific documents that are contained within
> 14 Exhibit 1 to you prior to this deposition
> 15 today?
> 16 A Fred gave me these this morning.
> 17 Q Okay. Prior to this morning, the
> 18 only, I guess, document you reviewed to
> 19 prepare for your testimony today would have
> 20 been the Incident Report that was given to you
> 21 by Brian Harris?
> 22 MR. SALLEY:
> 23 Objection.

> 24 THE WITNESS:
> 25 Correct.
> Q Okay. Did you review the deposition
> 7 of Captain Sam McCain?
> 8 A No.
> 9 Q Okay. Did you speak with the
> 10 captain?
> 11 A No, never have.
> 12 Q You've never spoken with the captain
> 13 of the vessel at the time that the incident
> 14 occurred?
> 15 A No, never have.
> 16 Q Why not?
> 17 A Safety would -- would do that. And
> 18 that's a vessel I don't have a lot of
> 19 involvement with.
> 20 Q Well, who has more involvement with
> 21 the vessel at REC?
> 22 A I mean, I guess, personnel doing crew
> 23 changes and a port captain for that vessel.
> 24 Q Did you visit with the port captain
> 25 prior to your deposition today?
> 1 A No.
> 2 Q Did you visit with any of the
> 3 personnel that have ever been onboard the
> 4 DUSTIN DANOS prior to your deposition today?
> 5 A No.
> 6 Q Okay. How are you able to ensure
> 7 that your testimony here today is based on the
> 8 entire information that REC Marine holds
> 9 regarding those topics?

[*See also id.* at pp. 49, 50, 68, 69, 93, 151, 153-54, 155-56]. Not preparing the deponent for his corporate deposition is a waste of this Court's and the parties' resources. It also frustrates the deposition and will most likely require an inefficient, second deposition to cover the topics as noticed.

The objecting behavior and the non-preparation of the deponent here is enough to find that the motion for sanctions should be granted – at the very least in part. Because plaintiff failed to file an opposition the motion, the Court will briefly note Richard's other arguments. Richard also contends that Salley interrupted the deponent's answers with questions and coached the witness. [*See* Doc. #58-3 at pp. 80-81]. Richard also maintains that the deponent admitted that he had not formulated the responses to the written interrogatories propounded on defendant, and defendant never had not responded to them. [*See id.* at 139-41]. All of these infractions weigh in favor of granting in part the motion. And it should be remembered, defendant and his counsel filed no opposition to this motion.

IV. **Conclusions**

For the foregoing reasons,

**IT IS ORDERED** that DeQuincy R. Richard's Motion for Attorney's Fees [Doc. #50] is GRANTED IN PART in that this Court awards Richard's counsel the amount of $3,675.00.

**IT IS FURTHER ORDERED** that DeQuincy R. Richard's Motion for Sanctions [Doc. #58] is GRANTED IN PART. The Court orders Salley and his client to (1) pay the attorney's fees and costs associated with a **second** deposition of REC Marine to which shall appear either the same deponent or a separate deponent who is properly prepared to respond to the questions that the earlier deponent failed to answer; (2) pay Richard's attorney's fees associated with the drafting and filing of this motion after Richard submits the appropriate motion with supporting documentation to do so; (3) that Salley individually be sanctioned in the amount of $1,000.00, payable **no later than sixty (60) days from the date of this Order**; and that Salley and plaintiff

shall respond in full and in writing to Richard's interrogatories **no later than sixty (60) days from the date of this Order**.[1] The required verification must be provided. *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, Civ. A. No. 15-638, 2017 WL 2267149, at *2 (E.D. La. May 24, 2017).

New Orleans, Louisiana, this 27th day of March, 2020.

*[signature]*
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] With regard to the timeframes associated with (3) and (4), this Court notes that the District Court has continued the dates of all civil and criminal trials (and other matters, if warranted) until at least May 1, 2020 due to the novel COVID-19 pandemic and the District Court's General Order 20-2.