UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REC MARINE LOGISTICS, LLC | § | C.A. NO. 2:19-cv-11149-LMA-DMD |
| | § | |
| V. | § | |
| | § | |
| DEQUINCY R. RICHARD | § | SEC. "I"    MAG. (3) |
| | § | |
| V. | § | |
| | § | |
| REC MARINE LOGISTICS, LLC, | § | |
| GULF OFFSHORE LOGISTICS LLC and | § | |
| OFFSHORE TRANSPORT SERVICES, LLC | § | |

**RICHARD'S MEMORANDUM IN OPPOSITION TO
MOTION REQUESTING COURT'S REVIEW AND REVERSAL
OF MAGISTRATE'S ORDER**

NOW INTO COURT, through undersigned counsel, comes Defendant/Counter/Third-Party Plaintiff DeQuincy Richard ("Richard"), and, for his Memorandum in Opposition to the "Defendants'" Motion Requesting Court's Review and Reversal of Magistrate's Order Issued 9th April 2020 (Rec. Doc. 87), would respectfully show:

**I. BACKGROUND**

REC Marine and its counsel are the subject of numerous discovery disputes that have previously been briefed to this Court. The Court is well familiar with the disputes in this case, and, for brevity, Richard incorporates as if fully set forth herein, his Motion to Compel (Rec. Doc. 29), Reply Memorandum in Support (Rec. Doc. 37) and the Court's Order of December 19, 2019, granting Richard's Motion to Compel. (Rec. Doc. 49); Richard's Motion for Attorney's Fees (Rec. Doc. 50) and Reply Memorandum in Support (Rec. Doc. 57); and Richard's Motion for Sanctions (Rec. Doc. 58) and the Court's Order of March 27, 2020 (Rec. Doc. 93). Following the pretrial conference held on February 11, 2020, the Court ordered the parties attend a discovery conference

with Magistrate Dana M. Douglas to "review discovery requests, requests for admissions, and initial disclosures that have been served; the response, or lack thereof, to such requests; any disagreements the parties may have with respect to such requests and responses; and any witness and exhibit lists." (Rec. Doc. 72) In addition to attending the conference, the parties were ordered to "bring to the conference all discovery requests filed by a party, responses to such requests, and evidence of such requests and responses having been served." *Id.*

The discovery conference was held on March 9, 2020. Counsel for Richard complied with the Order, bringing a copy of all discovery requests and responses that had been served in the case. Counsel for REC Marine brought no discovery to the conference, in flagrant violation of the Court's Order. At the conference, Magistrate Douglas reviewed the discovery requests and responses, as well as an affidavit executed by a process server who personally served counsel for REC Marine with discovery requests. Magistrate Douglas addressed a number of outstanding discovery-related issues and ordered: (1) Requests for Admission to REC Marine Logistics, LLC, Offshore Transport Services, L.L.C. and Gulf Offshore Logistics, L.L.C. were deemed admitted pursuant to Federal Rule of Civil Procedure 36; (2) REC Marine to verify its responses to Richard's First Set of Interrogatories by Friday, March 13, 2020; and (3) all three entities to respond to Richard's Second Requests for Production, including produce the entire safety manual, by no later than Friday, March 13, 2020 at 3:00 p.m. (Rec. Doc. 79). This was yet another in a long line of Orders related to discovery in this lawsuit. Unfortunately, just like the Orders previously issued by the Court and the Magistrate, the entities have refused to comply. No verification was provided, and no documents were produced to the Magistrate as ordered.

The three entities now ask the Magistrate to reconsider her ruling. *See* Rec. Doc. 87 ("REC Marine Logistics, LLC., et.al., move that the Magistrate Judge reverse and re-issue her ruling of 9th March 2020, as premature and incorrect..."). Lest their be any doubt, this Motion is yet another in a long line of attempts by REC Marine to delay and stall this lawsuit. A review of the docket in this matter will show REC Marine and the Third-Party Defendants have engaged in a deliberate delay of the resolution of the claims brought in this lawsuit. Neither REC Marine nor the Third-Party Defendants should be rewarded by the Court for these actions. The Magistrate's Order was appropriate given the conduct of REC Marine et al, and REC Marine et al have failed to provide sufficient justification for it to be changed in any manner.

## II. ARGUMENT & AUTHORITY

Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See* Fed. R. Civ. P.72(a). A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling. *Id.* The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed." *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted). Instead of appealing the Magistrate's Order the District Court, as is allowed under the Federal Rules of Civil Procedure, REC Marine has asked the Magistrate to reverse herself, with no justification. Perhaps this is an attempt to avoid the "clearly erroneous or contrary to law" standard that would be applied by the District Court.

### A.      Service of the underlying sets of discovery was proper

As the Magistrate was informed during the discovery hearing, the history of service attempts in this lawsuit is both long and absurd in the lengths to which undersigned counsel was required to go. Initially, on October 3, 2019, discovery requests signed by counsel were served on REC Marine, Gulf Offshore Logistics and Offshore Transport Services via email sent by undersigned counsel's paralegal. Ex. 1. On the same date, counsel for the three entities (Fred Salley) responded via email:

> You are not authorized by the federal rules to serve any pleadings on opposing counsel. Counsel must effect service themselves under their name on opposing counsel. It is a federal court of law and record--paralegals do not posses the required qualifications or exposure, and are not members of the state bar or federal bar.

Ex. 2 at p. 2.

On the same date, undersigned counsel re-served the discovery, requesting Fred Salley provide the specific Federal Rule that forbade his paralegal from serving discovery signed by an attorney. *Id.* at p. 1. No Federal Rule of Civil Procedure was ever cited by Salley in support of his refusal to accept the initial service. Salley did however respond via email, claiming that the discovery was not valid, and that undersigned counsel had somehow violated unstated bar rules:

> Eric:
> If you are not correctly/currently admitted to the EDLA, this discovery initiated by you would not be valid. As an officer of the Court, I am obliged to point out any probable discrepancies in the bar rules.

Ex. 3 at p. 3. At the time discovery was served, undersigned counsel had been admitted *pro hac vice* in this case. (Rec. Doc. 6). Undersigned counsel responded and asked Salley if he was objecting to service of the email that had been made, but no response was ever provided. Ex. 3.

Out of an abundance of caution, Richard's local counsel, Josh Koch, who is admitted to the bar of the Eastern District of Louisiana re-served the discovery a third time, signing the requests

himself, and serving via private process server. Ex. 4. Based on the difficulties in service previously, Richard also served additional sets of discovery, as noted on Mr. Koch's letter. *Id.* Relevant for this Response, the additional discovery included Richard's Second Requests for Production and Richard's First Request for Admissions to all three entities. *Id.* This discovery was served on Fred Salley at the address provided on his signature block included on REC Marine's Complaint: 77378 Hwy 1081 Cretien Annex, Covington, Louisiana 70434. Ex. 4; *See* Rec. Doc. 1 at p. 4. This also happens to be the address provided by Salley in his signature block on the underlying Motion. *See* Rec. Doc. 87 at p. 1. A search of the Louisiana State Bar Association Membership Directory for Fred Salley indicates this address is also his primary address listed with the Louisiana State Bar. Ex. 5.

At the discovery conference, the Magistrate was provided with the affidavit of the private process server who confirmed that the discovery was served on Salley at this address. Ex. 6. This was done in accordance with Fed R. Civ. P. 5(b):

**(b) Service: How Made.**

(1) Serving an Attorney. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.

(2) Service in General. A paper is served under this rule by:

    (A) handing it to the person;

    (B) leaving it:

        (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

        (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

Fed R. Civ. P. 5(b). As the Magistrate will recall, at the discovery conference Salley denied ever having received the discovery that was served. Now, in apparent attempt to change the Magistrate's Order, Salley challenges the method of service by changing his story and claiming that service was in violation of the Local Rules of the Eastern District of Louisiana. Rec. Doc. 87-2 at p. 1. No Local Rule is cited in support of this allegation. Salley next complains that the proper method for service when documents are not filed with the court is "the use of counsel's bar registered, email address, which are contained within the signature block appearing on counsel's documents or other published papers." Rec. Doc. 87-2 at p. 1. As shown above, Salley's requested method was actually tried multiple times by undersigned counsel and his office, to no avail. Salley refused to accept service multiple times via email and now complains to this Honorable Court that he was not served via the same. It would be a laughable argument if this case was not about severe head, neck, back and shoulder injuries suffered by a 32 year old seaman, through no fault of his own.

    Under Federal Rule of Civil Procedure 36(a), requests for admissions are deemed admitted if not answered within 30 days. *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) ("Under Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). The Magistrate's ruling was not in violation of any of the longstanding rules governing discovery. REC Marine et al have failed to respond to requests for admissions that were validly served. In her Order, Magistrate Douglas followed the existing law regarding this failure, and applied it to the underlying facts in this case. The decision should not be modified in any manner. REC Marine has presented no case law and no new facts in support of its request. There is no justification for the Magistrate to reverse her prior ruling. REC Marine had literally months to respond to discovery that was validly

served.  Instead of doing so, the entities and their counsel simply ignored it.  Now, in accordance with the Federal Rules of Civil Procedure, the entities must pay the cost for this refusal.

### B.     The Motion only addresses a portion of the Magistrate's Order

Although REC Marine et al continue to complain about service of the second set of requests for production and first requests for admission, they fail to in any way challenge the remainder of the Magistrate's Order following the discovery conference.  The Magistrate's Order governed more than just the discovery personally served on Salley, it also addressed REC Marine et al's failure to provide responsive documents in response to the First Requests for Production and failure to verify Interrogatory responses.  The Magistrate also Ordered: (1) REC Marine to verify its responses to Richard's First Set of Interrogatories by Friday, March 13, 2020; and (2) the production of the entire safety manual, by no later than Friday, March 13, 2020 at 3:00 p.m.  (Rec. Doc. 79).  Neither of these was done by REC Marine, with no justification.  REC Marine et al failed to address this portion of the Order, and provide no rationale for why it should be modified in any way.

### III.  CONCLUSION

The Magistrate correctly applied longstanding law to the facts related to this discovery dispute.  The Magistrate's Order should not be changed in any way.

WHEREFORE, Richard prays the Court deny REC Marine et al's Motion, and for all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Eric J. Rhine*
Eric J. Rhine (*admitted PHV*)
Texas Bar No. 24060485
erhine@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656

KOCH & SCHMIDT, LLC
R. Joshua Koch, Jr. (Bar Roll No. 7767)
650 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 208-9040
Facsimile: (504) 208-9041

ATTORNEYS FOR RICHARD

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing was automatically accomplished on all counsel of record through CM/ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure on this 31st day of March, 2020.

*/s/ Eric J. Rhine*
Eric J. Rhine