UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REC MARINE LOGISTICS, LLC | § | C.A. NO. 2:19-cv-11149-LMA-DMD |
| | § | |
| V. | § | |
| | § | |
| DEQUINCY R. RICHARD | § | SEC.  "I"        MAG.  (3) |
| | § | |
| V. | § | |
| | § | |
| REC MARINE LOGISTICS, LLC, | § | |
| GULF OFFSHORE LOGISTICS LLC and | § | |
| OFFSHORE TRANSPORT SERVICES, LLC | § | |

**RICHARD'S MEMORANDUM IN OPPOSITION TO
MOTION FOR MODIFICATION OR ELIMINATION OF
MAGISTRATE'S DAMAGES AND SANCTIONS RULING**

NOW INTO COURT, through undersigned counsel, comes Defendant/Counter/Third-Party

Plaintiff DeQuincy Richard ("Richard"), and, for his Memorandum in Opposition to the

"Defendants'" Motion for Modification or Elimination of Magistrate's Damages and Sanctions

Ruling (Rec. Doc. 99), would respectfully show:

**I.  BACKGROUND**

The Court is well familiar with the background of this case, and, for brevity, Richard

incorporates as if fully set forth herein:  his Motion to Compel (Rec. Doc. 29), Reply Memorandum

in Support (Rec. Doc. 37) and the Court's Order of December 19, 2019, granting Richard's Motion

to Compel. (Rec. Doc. 49); Richard's Motion for Attorney's Fees (Rec. Doc. 50) and Reply

Memorandum in Support (Rec. Doc. 57); Richard's Motion for Sanctions (Rec. Doc. 58); and the

Magistrate's Order dated March 27, 2020 (Rec. Doc. 93).

This Motion is yet another in a long line of attempts by REC Marine to delay and stall this

lawsuit.  The pending matter is an action that was actually filed by REC Marine.  Despite the fact

that REC Marine filed it, the company's actions indicate all it wants to do is delay the "just, speedy and inexpensive determination" of Richard's claims. *See* Fed. R. Civ. P. 1.  In the interest of judicial economy, Richard brought his counterclaims and third-party claims within this proceeding. All Richard has sought is what is allowed under the Federal Rules of Civil Procedure.  A review of the docket in this matter will show REC Marine and the Third-party Defendants have engaged in a deliberate delay of the resolution of the claims brought in this lawsuit, and violated multiple Orders issued by the Court along the way.  Neither REC Marine nor the Third-Party Defendants should be rewarded by the Court for these actions.

The Magistrate's Order was undeniably appropriate given the conduct of REC Marine and its counsel, and REC Marine et al have failed to provide sufficient justification for it to be overturned or modified in any way.

## II.  ARGUMENT & AUTHORITY

Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See* Fed. R. Civ. P.72(a).  A district court reviews a magistrate judge's order pursuant to the standards set forth in the Federal Magistrate's Act, 28 U.S.C. §§ 631-39, and Federal Rule of Civil Procedure 72.  Pursuant to these rules, non-dispositive pretrial motions are to be reviewed under the clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). A decision is clearly erroneous  or contrary to law when the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Armour v. Hobart Corp.*, 1998 WL 886995, at * 1 (Dec. 18, 1998) (Clement, J.) (*citing Palacios Seafood, Inc. v. Piling, Inc.*, 888 F.2d 1509, 1513 (5th Cir. 1989)).  Matters concerning discovery generally are considered non-dispositive to the litigation. *Recinos-Recinos v. Express Forestry, Inc.*, 2006 U.S. Dist. LEXIS 84583, 2006 WL

3388485, at *1 (E.D. La. Nov. 20, 2006) (Africk, J.) (*citing Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. 1981)).

A.     **The Magistrate's ruling was neither clearly erroneous, nor contrary to law**

The Motion fails to present this Court with any explanation as to how the Magistrate's Order was either clearly erroneous, or contrary to law.  The Motion does little to explain or justify both REC Marine and its counsel's conduct that occurred during the deposition.  In fact, the Motion is completely silent as to the legal standard that must be met for this Court to overturn the well-reasoned analysis provided in the Magistrate's Order.

On December 30, 2019, undersigned counsel took the deposition of REC Marine pursuant to Fed. R. Civ. P. 30(b)(6).  During the course of this deposition, Salley, REC Marine's counsel, repeatedly engaged in disruptive and improper conduct in violation of the Federal Rules of Civil Procedure, Eastern District of Louisiana Civil Local Rule 83.2.3, the Louisiana State Bar Association Code of Professionalism, and the Rules of Professional Conduct of the Louisiana State Bar Association, including the following:

- •     145 interruptions during questioning

- •     16 instructions to the witness not to answer

- •     106 objections (52 of which were of a speaking variety)

- •     11 instances of counsel interrupting the testimony in order to ask his own questions while the witness was still on cross examination

*See* Rec. Doc 58-2.  Not that it should be required, but Richard's counsel repeatedly asked Salley to refrain from: speaking objections, coaching the witness, and interruption of questioning. Salley nonetheless continued to deliberately disrupt the deposition. Undersigned counsel also repeatedly

3

reminded Salley of his obligations to conduct himself in a professional manner. These were systematically ignored. On no less than six occasions during the deposition, Salley practically dared undersigned counsel to go to Court in order to challenge his conduct. *See* Rec. Doc 58-2.

There are numerous mechanisms by which courts exercise sanction powers, including the Federal Rules of Civil Procedure (through Rules 11, 26, 30 and/or 37); 28 U.S.C. §1927; and the inherent power of the courts to manage their own proceedings and to control the conduct of those who appear before them. Regardless of the source, it is widely accepted that the primary purpose of sanctions is to deter frivolous litigation and abusive tactics. Sanctions seek to deter both the culpable attorney and members of the bar in general. *See, e.g., Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 126-27, 110 S. Ct. 456, 107 L. Ed. 2d 438 (1989)(the primary purpose of Rule 11 is deterrence, not compensation); *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 752 (7th Cir. 1988)("the most important purpose of Rule 11 sanctions is to deter frivolous litigation and the abusive practices of attorneys"); Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse §47(A) (2d ed.)(the purpose of Rule 37 is four-fold: "(1) penalizing the culpable party or attorney; (2) deterring others from engaging in similar conduct; (3) compensating the court and other parties for the expense caused by the abusive conduct; and (4) compelling discovery"); *Id.* at §20 (the purpose of 28 U.S.C. §1927 is to deter unnecessary delays in litigation). "One court recently put it more succinctly: 'The purpose of court-imposed sanctions is to stop reinforcing winning through obstruction.'" *Tajonera v. Black Elk Energy Offshore Operations, LLC*, 2015 U.S. Dist. LEXIS 26025 * 14 (E.D. La., March 3, 2015), *citing Security National Bank of Sioux City, Iowa v. Abbott Laboratories*, 299 F.R.D. 595, 597 (N.D. Iowa 2014) (emphasis added).

4

Because the Motion for Sanctions concerned in part Salley's conduct during a deposition, it was properly analyzed by Magistrate Douglas under Federal Rule of Civil Procedure 30 and the cases construing it. Rule 30(c)(1) provides that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence...." Fed.R.Civ.P. 30(c)(1). "During the taking of a deposition the witness has, in general, the same rights and privileges as would a witness testifying in court at a trial." 8A Wright, Miller and Marcus, Federal Practice and Procedure § 2113 (2d ed. 1994).

A review of the deposition transcript by the Court will be instructive.  As pointed out by Magistrate Douglas in her Order:

> Of the 255-page transcript of the deposition, Salley appears on 170 pages. Salley objected 106 times, 52 of which were lengthy speaking objections. There are long, speaking objections that cover entire pages of the transcript. One speaking objection and Salley's attendant argument, which followed a question asking the deponent when an affidavit was signed, covers in excess of six pages of the transcript. Examples of Salley's objections (and accusing Richard's counsel of having committed a crime at the deposition) exist at Doc. #58-3 at pp. 31-34, 213.

> That is simply a smattering of cites to Salley's objections from the transcript.

Rec. Doc. 93 at p. 10.

Respectfully, it is hard to imagine the above conduct would be allowed to occur by this Honorable Court during trial.  The Magistrate's ruling was not in violation of any of the longstanding rules governing discovery and sanctioning improper conduct.  REC Marine et al have failed to provide any explanation as to how the Magistrate's Order was improper in any way.  In her Order, Magistrate Douglas followed the existing law regarding sanctions for discovery abuses, and applied it to the underlying facts in this case.  Defendants have failed to establish that her decision should be overturned.

5

**B.      REC Marine failed to respond to the Motion for Sanctions**

REC Marine et al had the opportunity to respond to Richard's Motion for Sanctions.

Bizarrely, they chose not to do so.  That is a choice they chose to make.  Now, months later, counsel

for REC Marine claims both that he failed to receive a copy of the Motion for Sanctions, and that

he did not respond to it because he was sick.

Regarding an alleged lack of notice, Salley, as counsel for REC Marine et al, was served with

Richard's Motion via CM/ECF on January 13, 2020, the date it was filed.  If somehow Salley missed

this electronic notice, he would have been notified about the Motion for Sanctions a second time on

January 24, 2020, when Magistrate Douglas issued her Order Setting Oral Hearing on the Motion

for Sanctions.  Rec. Doc. 62.  Salley received a third notification regarding the Motion when

Magistrate Douglas cancelled the oral hearing on February 4, 2020.  Rec. Doc. 67.  The Order was

unambiguous, and provided these parties and their counsel with clear notice:

> Before the Court is DeQuincy R. Richard's Motion for Sanctions. [Doc. #58]. No
> party has filed an opposition to the motion as required by the local rules of this Court,
> and the oral hearing on the motion is set on February 5, 2020 (tomorrow). The Court
> will thus take the motion under submission on the briefs.

Rec. Doc. 67.  If Salley had truly simply failed to receive notice of the Motion, then he should have

alerted the Court at that time and requested an extension of time to file a response.  He did not do

so.  Following this, Salley received notice yet again in the Parties' Proposed PTO.  Rec. Doc. 71.

Section 5 of the PTO required the parties to identify any pending motions.  Richard's Motion for

Sanctions was identified as then pending.  Rec. Doc. 71 at p. 3.  In fact, Salley even responded to the

identification of the Motion for Sanctions stating: "Defendants will timely appeal the Court's

sanctions and its underlying reasoning, as it is contrary to the law and the facts of this litigation".

6

*Id.* at p. 4.  The Motion for Sanctions was also mentioned during the Pretrial Conference that was held on February 11, 2020.  It was further raised by undersigned counsel during the Discovery Hearing before Magistrate Douglas on March 9, 2020.  It is beyond credibility to now claim no notice was received of the Motion until after it was granted by the Magistrate.

As for the claims that opposing counsel was deathly ill during the deposition and also too sick to respond to the Motion for Sanctions, this alleged sickness did not prevent Salley from taking the following actions in this case:

- Filing a Motion to Appeal the Magistrate's Ruling requiring a vessel inspection on January 1, 2020. (Rec. Doc. 52)

- Filing a Response to Richard's request for attorneys' fees on January 5, 2020. (Rec. Doc. 53)

- Filing a position paper with the Court prior to the settlement conference on January 27, 2020. (Rec. Doc. 63)

- Attending the Settlement Conference in person on January 30, 2020.

- Filing an Ex Parte Motion for Reconsideration on February 5, 2020. (Rec. Doc. 69)

- Contributing to the Joint Proposed Pretrial Order filed on February 7, 2020. (Rec. Doc. 71)

- Attending the Pretrial Conference in person on February 11, 2020.

- Filing an Ex Parte Motion for Reconsideration on February 13, 2020. (Rec. Doc. 74)

- Filing a Request for Subpoena on February 26, 2020. (Rec. Doc. 77)

- Attending a Discovery Hearing and Settlement Conference in person on March 9, 2020.

- Filing a Notice of Appeal on March 11, 2020. (Rec. Doc. 82)

- Filing a Memorandum of Law on March 11, 2020. (Rec. Doc. 84)

- Filing a Motion requesting Reversal of the Magistrate's Order on March 13, 2020. (Rec. Doc. 87)

- Filing a Designation of Record on Appeal on March 18, 2020. (Rec. Doc. 90)

- Filing a Notice of Ex Parte Motion for Leave to File Supplemental Rebuttal Motion on April 7, 2020. (Rec. Doc. 95)

If Salley was truly so sick that he was unable to respond to the Motion for Sanctions, then one can only wonder how he was able to do all of the foregoing. A search of cases wherein Salley was active during this time period provides another example of him being healthy enough to perform legal work for his client. On February 12, 2020, Salley filed a declaratory judgment action: Cause No. 2:20-cv-00509: *Timmie Danos, Inc. v. David Mott*, in the United States District Court for the Eastern District of Louisiana.

Further, if Salley was truly deathly ill at the time the deposition occurred, all he had to do was request it be set on a different date. He did not do so. He could have filed a Motion with the Court requesting whatever relief he believed was justified by his alleged condition. He did not do so.

### C. The Motion only addresses a portion of the Magistrate's Order regarding the Motion for Sanctions.

The Magistrate's Order on the Motion for Sanctions addressed more than Salley's improper conduct that occurred during the deposition. The Magistrate also addressed Salley and REC Marine's actions that occurred prior to the deposition, namely the failure to prepare the witness to testify. Rec. Doc. 93 at pp 11-13. Additionally, the Magistrate considered the evidence that Salley failed to obtain interrogatory responses from REC Marine, formulating those responses himself. *Id.* at p. 13. Neither of this conduct that occurred prior to the deposition is addressed by the Motion.

**D.     The Motion does not address the portion of the Magistrate's Order awarding attorneys' fees.**

The Motion also fails to offer any justification for why the first part of the Magistrate's Order should be changed in any way.   The Order that was issued by Magistrate Douglas covered two motions that were then pending: (1) Richard's Motion for Attorney's Fees (Rec. Doc. 50) and (2) Richard's Motion for Sanctions (Rec. Doc. 58).   Richard's Motion for Attorney's Fees was for conduct wholly unrelated to the improper conduct addressed in the Motion for Sanctions.   The Motion for Attorney's Fees was related to REC Marine's repeated refusal to provide disclosures and an inspection of the vessel that had previously been ordered by the Court.   *See* Rec. Doc. 93 at pp 2-7.   REC Marine's Motion fails to address the portion of the Magistrate's Order that awarded fees for this conduct.   Magistrate Douglas's Order was clear:

> **IT IS ORDERED** that DeQuincy R. Richard's Motion for Attorney's Fees [Doc. #50] is GRANTED IN PART in that this Court awards Richard's counsel the amount of $3,675.00.

Rec. Doc. 93 at p. 7 (emphasis in original).   It is unclear if REC Marine intended to also appeal this portion of the Order because it is wholly unaddressed within the instant Motion.   Despite this, the attorney's fee award ordered by Magistrate Douglas has still, at the time of filing this Response, not been paid.

## III.  CONCLUSION

The Magistrate's Order was undeniably appropriate given the conduct of REC Marine and its counsel, and REC Marine et al have failed to provide sufficient justification for it to be overturned or modified in any way.   The Magistrate correctly applied longstanding law to the underlying conduct addressed by the Motion for Sanctions.   The Magistrate's Order should be upheld.

WHEREFORE, Richard prays the Court deny the instant Motion, and for all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Eric J. Rhine*
Eric J. Rhine (*admitted PHV*)
Texas Bar No. 24060485
erhine@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:     713-653-5600
Facsimile:     713-653-5656

KOCH & SCHMIDT, LLC
R. Joshua Koch, Jr. (Bar Roll No. 7767)
650 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 208-9040
Facsimile: (504) 208-9041

ATTORNEYS FOR RICHARD

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was automatically accomplished on all counsel of record through CM/ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure on this 4th day of May, 2020.

*/s/ Eric J. Rhine*
Eric J. Rhine