UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **REC Marine Logistics, LLC,** | ) | CIVIL ACTION |
| **Plaintiff** | ) | |
| | ) | NO.2:19-cv-11149-LMA-DMD |
| **versus** | ) | |
| | ) | |
| **DeQuincy R. Richard** | ) | JUDGE Africk |
| **Defendant** | ) | MAGISTRATE (3) |
| _____ | ) | |

### SUPPLEMENTAL/REBUTTAL MEMORANDUM IN SUPPORT OF MOTION TO REVERSE MAGISTRATE RULING

**May it please the Court:**

Counsel reiterates and reasserts his initial memorandum seeking reversal or reconsideration of the Magistrate's original ruling.

Counsel believes it is appropriate to briefly respond to the wide ranging, extensive memorandum, of Richard in response to REC's Motion to reverse the Magistrate's ruling of 27th March 2020.

Because it is to his advantage, Plaintiff simply continues to ignore the fact that when the complained of activity occurred, as discussed in the Magistrate's ruling, Counsel had been extremely ill for several weeks, physically and mentally incapable of performing to the same standard he has maintained for over fifty years; and had in fact notified the Court and parties, of his developing illness; and in late November 2019

requested at least thirty days to either medically recover, or seek to remove himself from the litigation. The Court denied the Motion for Continuance for reasons he expressed in the denial. In retrospect, the Court was incorrect in his ruling, but Counsel tried to continue in the case to support the Court's desires. Unfortunately, Counsel did not recover sufficiently to return to full duty as trial counsel, and unfortunately has still not fully recovered enough to return to full, unlimited legal duty.

There have been many times within Counsel's recent period of extreme illness, when it seemed that the illness would win and prove terminal. The date of Plaintiff's Rule 30(b)(6) deposition on 30th December 2019, conducted out of town, was one such date. The Rule 30(b)(6) deposition could not be rescheduled, as the deposition was set for a Monday with Mr. Rhine travelling from Houston. It could not be called off at the last minute, or easily reset. Counsel was so sick on the Monday of the deposition, that maintaining an artificial, trial counsel persona, was physically impossible, and could not, and apparently did not happen.

However, reviewing the transcript for Plaintiff's Counsel's conduct during that same partial deposition, simply supports the view that the examination was designed by him to annoy and

harass. Counsel was too sick and did not fully notice the Plaintiff's exceptional conduct except thru reading the transcript. The initial 30(b)(6) witness was the first of a planned three, and the least knowledgeable of specifically requested information. He was supervisory and knew only forest, not tree matters. However, Plaintiff also filed a completely different, revised notice of his proposed Rule 30(b)(6) deposition, within only two or three business days of the scheduled deposition on Monday, 30th December 2019; he insisted on asking questions that were not noticed, or were late noticed, so no witness could not have been fully prepared or expected to answer these last minute question areas, for lack of a legally mandated, pre-notice required by the rules. The subsequent two witnesses were never reached because Plaintiff's Counsel simply terminated the deposition, and promptly filed his routine notice seeking fees and sanctions.

The Plaintiff's Counsel has been completely aware of the medical and mental limitations born by Defense Counsel as he had received his copy of the relevant motion for medical continuance, and the ruling by the District Court Judge in late November 2019. It appears that he actively attempted to take advantage of Counsel's illness in his subsequent actions.

Finally, Counsel's continuing, severe illness over the last few months may have resulted in his simply missing or overlooking Plaintiff's second motion for sanctions that was filed in the midst of other activity. Counsel did not attempt to hide his severe illness, but tried and did advise all parties and the Court of his disabling medical condition, with the result that some ignored or forgot the serious implications, while others assiduously took advantage of Counsel's illness.

The Magistrate's ruling must be reversed since it involves certain medically driven conduct or lapses of Counsel while he was extremely ill, and after he had attempted to voluntarily remove himself from the active litigation by moving to continue the matter until he could medically recover or remove himself. That was not permitted to occur.

Submitted by:

/s/ Fred E. Salley
_____
**FRED E. SALLEY, T.A. (11665)**
**SALLEY & ASSOCIATES**
**P.O. Box 3549**
**77378 Hwy 1081 Cretien Annex**
**Covington, Louisiana 70434**
**Telephone: (985) 867-8830**
**Facsimile (985) 867-8927**
**Counsel for Defendant, REC**
Marine Logistics, LLC, *et. al.*

## **CERTICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid this 7th Day of May 2020

/s/ Fred E. Salley
_____
**FRED E. SALLEY, T.A.  (11665)**