UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REC MARINE LOGISTICS, LLC** | CIVIL ACTION |
| **VERSUS** | No. 19-11149 |
| **DEQUINCY R. RICHARD, ET AL.** | SECTION I |

## ORDER & REASONS

Before the Court is REC Marine Logistics, LLC's ("REC Marine") motion[1] for modification or elimination of the March 27, 2020 ruling[2] by the United States Magistrate Judge with respect to sanctions ordered against REC Marine and its counsel, Fred. E. Salley ("Salley").[3] For the following reasons, the motion is denied.

### I.

This action arises from REC Marine's request for declaratory relief from DeQuincy R. Richard's ("Richard") demand for maintenance and cure for alleged injuries that Richard sustained as a deckhand employed on the M/V Danos.[4] Richard asserts that his injuries were caused by the negligence of REC Marine and third-party defendants, Offshore Transport Services, LLC and Gulf Offshore Logistics, LLC, as well as by the unseaworthiness of the M/V Danos.[5] REC Marine denies that

---

[1] R. Doc. No. 99.
[2] R. Doc. No. 93.
[3] The Magistrate Judge's March 27, 2020 order also awarded "Richard's counsel the amount of $3,675.00" for attorney's fees incurred in connection with Richard's motion to compel. *See id.* at 2–7, 14. REC Marine does not seek modification or elimination of that portion of the Magistrate Judge's order.
[4] *See* R. Doc. No. 1.
[5] R. Doc. No. 4, at 4.

1

Richard sustained any injuries from his service on the M/V Danos and contends, instead, that Richard's alleged accident and injuries are fabricated.[6]

The factual and procedural background of this case has been explained in previous orders, and the Court need not repeat it here.[7] Pertinent to the instant motion, the Magistrate Judge's March 27, 2020 order granted in part Richard's unopposed motion[8] for sanctions against Salley and REC Marine, which Richard filed on the basis of REC Marine's failure to comply with discovery orders and Salley's conduct during a December 30, 2019 deposition of REC Marine held pursuant to Federal Rule of Civil Procedure 30(b)(6).[9]

The Magistrate Judge found that the "objecting behavior and the non-preparation of the deponent here is enough to find that the motion for sanctions should be granted—at the very least in part."[10] Accordingly, the Magistrate Judge ordered that Salley and REC Marine: (1) pay the attorney's fees and costs associated with a second deposition of REC Marine at which "either the same deponent or a

---

[6] R. Doc. No. 1, at 1–2.
[7] *See* R. Doc. Nos. 61 & 93.
[8] R. Doc. No. 58. Salley did not file an opposition to Richard's motion for sanctions. *See* R. Doc. No. 67.
[9] Rule 30(b)(6) provides in pertinent part:

> In its notice [of the deposition] . . . , a party may name as the deponent a public or private corporation . . . or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

[10] R. Doc. No. 93, at 13.

separate deponent" shall appear and be properly prepared to respond to questions that the earlier deponent failed to answer; (2) pay Richard's attorney's fees associated with the drafting and filing of his motion for sanctions once Richard submits the appropriate motion with supporting documentation; and (3) respond in full and in writing to Richard's interrogatories no later than sixty days from the date of the order with the required verification.[11] The Magistrate Judge also ordered that Salley be individually sanctioned in the amount of $1,000.00.[12]

## II.

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine any pretrial matter pending before the court, subject to certain exceptions not applicable to the instant motion. A magistrate judge's order on a non-dispositive motion, such as a motion for sanctions, may only be set aside if it "is clearly erroneous or is contrary to law." *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (citing Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A)); *see Omega Hosp., LLC v. Cmty. Ins. Co.*, 310 F.R.D. 319, 321 (E.D. La. 2015) (Barbier, J.) (applying the clearly erroneous standard to its review of the Magistrate Judge's order of sanctions). A finding is "clearly erroneous" when the reviewing court is "left with a definite and firm conviction that a mistake has been committed." *In re Mid-S. Towing Co.*, 418 F.3d 526, 534 (5th Cir. 2005) (citing *Walker v. Braus*, 995 F.2d 77, 80 (5th Cir. 1993)).

---

[11] *Id.* at 13–14.
[12] *Id.* at 14.

3

Federal Rule of Civil Procedure 30(d)(2) authorizes a court to impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of a witness at a deposition. This sanction may be imposed on a non-party witness as well as a party or attorney. Fed. R. Civ. P. 30(d)(2) advisory committee's note to 1993 amendments; *see Bordelon Marine, Inc. v. F/V KENNY BOY*, No. 09-6221, 2011 WL 164636, at *6 (E.D. La. Jan. 19, 2011) (Knowles, M.J.) (sanctioning the deponent's counsel pursuant to Rule 30(d)(2) for his conduct during the deposition); *Landers v. Kevin Gros Offshore, L.L.C.*, No. 08-1293, 2009 WL 2046587, at *4 (E.D. La. July 13, 2009) (Shushan, M.J.) (same).

Sanctions may also be imposed pursuant to Rule 37(d) if a party's Rule 30(b)(6) designee "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). With respect to the designation of a person to be deposed pursuant to Rule 30(b)(6), the Fifth Circuit has explained:

> [T]he deponent "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." "[T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.

*Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997) and *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)). This duty

extends to preparation of issues that, "although not within the [designee's] personal knowledge, [are] within the corporate knowledge of the organization." *Id.*

When a Rule 30(b)(6) designee "is not knowledgeable about relevant facts, and the [party] has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resolution Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993). In such a case, the party may be sanctioned under Rule 37(d) as a result of its failure to designate an appropriate witness. *Id.*; *see Omega Hosp.*, 310 F.R.D. at 322 (explaining that when a Rule 30(b)(6) designee "lacks knowledge about relevant facts, the corporation has failed to designate 'an available, knowledgeable, and readily identifiable witness,' and the court "treats the failure to designate as a failure to appear for deposition," which is sanctionable under Rule 37(d)) (quoting *id.*)).

### III.

Based on a review of REC Marine's memorandum and reply in support of its motion, Richard's response in opposition, the Rule 30(b)(6) notices with respect to the corporate deposition of REC Marine, the transcript of the December 30, 2019 deposition, and the applicable law, the Court finds that the Magistrate Judge's order of sanctions is clearly not erroneous or contrary to law.

The transcript of the December 19, 2019 deposition provides ample evidence that Salley's obstructive conduct was sanctionable under Rule 30(d)(2).[13] During the

---

[13] *See* R. Doc. No. 58-3.

5

deposition, Salley made a plethora of inappropriate objections,[14] he improperly instructed the deponent not to answer on numerous occasions, and he made a multitude of disruptive interruptions during questioning by Richard's counsel.[15]

The deposition transcript also supports the Magistrate Judge's conclusion that REC Marine's designated representative, Blaine Russell ("Russell"), was not adequately prepared for the Rule 30(b)(6) deposition. Salley unconvincingly argues that the Magistrate Judge "erroneously considered that the witness did not know everything."[16] But Rule 30(b)(6) does not require designees to have complete knowledge of all matters about which they are questioned. Rather, as previously stated, the Rule 30(b)(6) designee must be prepared to testify to relevant facts "to the

---

As the advisory committee to the 1993 amendments noted:

> Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond . . . The rule [ ] explicitly authorizes the court to impose the cost resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction.

Fed. R. Civ. P. 30(d)(2) advisory committee's note to 1993 amendments.

[14] Pursuant to Federal Rule of Civil Procedure 30(c)(2):

> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

[15] *See* R. Doc. Nos. 58-2 & 58-3.
[16] R. Doc. No. 99-2, at 2.

extent matters are reasonably available." *Resolution Tr. Corp.*, 985 F.2d at 197; *Brazos River Auth.*, 469 F.3d at 433.

The third amended notice of the corporate deposition of REC Marine adequately set forth the matters of inquiry relating to the Rule 30(b)(6) deposition. But, as evident from the transcript of the deposition, REC Marine did not satisfy its duty to prepare Russell, its Rule 30(b)(6) designee, to answer the questions posed with respect to the matters noticed.[17] Near the beginning of the deposition, Russell affirmed that he was testifying "on behalf of REC Marine as its corporate representative" in this case, and that his counsel had designated him to testify to the topics noticed for the deposition.[18] Yet when Richard's counsel later asked Russell whether he was "here today to testify regarding all of the topics that were listed on [the deposition] notice," Salley interrupted with an objection, stating, "He doesn't know that. I don't know that yet, either."[19] REC Marine did not designate any other representative to answer questions as to matters for which Russell lacked sufficient

---

[17] For example, Russell did not review any of the discovery responses by REC Marine, and, other than speaking with the safety manager to obtain "an overview of what allegedly happened," did not speak with the captain of the vessel at the time Richard's incident occurred or any other personnel who had ever been onboard the vessel. R. Doc. No. 58-3, at 7, 8–9, 10. The third amended notice of deposition specifically delineates, as areas to which Russell would be asked to give testimony: "Your answers and responses to Richard's discovery to you," and "Description of all communications relating in any way to Richard's alleged accident." The only documents that Russell reviewed prior to the deposition were the incident report, two medical reports, and the daily boat log of the M/V Danos. *Id.* at 8.
[18] *Id.* at 6.
[19] *Id.* at 33. Earlier in the deposition, when Richard's counsel asked Russell whether he was here to testify to every topic listed in the deposition notice, Russell replied, "I'm assuming I am, yes." *Id.* at 6.

knowledge. *See Brazos River Auth.,* 469 F.3d at 433 ("At the very least, [the deponent] could have designated another witness with personal or corporate knowledge of the questions asked.").

Salley has failed to provide an adequate or persuasive explanation as to why Russell was not properly prepared.[20] Instead, the primary explanation that Salley presented was that Salley's behavior was the result of "continuing serious illness, mental and physical fatigue."[21] Salley acknowledges that his conduct during the deposition was "abnormal," and he asserts that it was a reflection of his alleged illness.[22]

While the Court is sympathetic to Salley's health issues, he did not present this argument before the Magistrate Judge when she reviewed Richard's motion for sanctions, as the motion was unopposed. Nor did Salley raise any concerns regarding his medical condition when he filed REC Marine's opposition to Richard's motion for attorney's fees on January 5, 2020.[23] Therefore, any argument regarding Salley's health status as a basis for relief is waived.

---

[20] Contrary to Salley's assertion that Richard filed a "completely different, revised notice" of the Rule 30(b)(6) deposition "within only two or three business days of the scheduled deposition on Monday, 30th December, 2019," and that a witness could not have been prepared to answer these "last minute question areas," the third amended notice indicates that it was served on Salley, as counsel of record for REC Marine, by email on December 18, 2019. In addition, the original notice of deposition, which does not differ significantly from the third amended notice, was served on Salley via email on December 10, 2019.
[21] R. Doc. No. 99-2, at 3.
[22] *See id.* at 3–4.
[23] R. Doc. No. 53.

8

Salley's argument that his illness "may have resulted in his simply missing or overlooking" Richard's motion for sanctions is unavailing. The record indicates that Salley received notice of the motion for sanctions on three occasions—upon the electronic filing of the motion on January 13, 2020,[24] the Magistrate Judge's January 24, 2020 order setting the motion for oral hearing,[25] and the Magistrate Judge's February 4, 2020 order cancelling the oral hearing.[26] The February 4, 2020 order stated that no opposition to the motion had been filed, and that the motion would be set for submission on the briefs.[27] Salley did not request an extension of time thereafter to file an opposition. Moreover, the *joint* proposed pretrial conference order filed on February 7, 2020 specifically identified Richard's motion for sanctions as pending at that time.[28]

Salley also argues that relief from the Magistrate Judge's sanctions order should be granted because the Court denied his November 17, 2019 motion[29] for a thirty-day continuance of "currently scheduled litigation activities" based on Salley's medical needs.[30] In that motion, the only description of his health that Salley provided was a "sudden and unexpected illness and disability which needs immediate medical care."[31] On that basis, Salley requested a "short continuance" of "**an**

---

[24] R. Doc. No. 58.
[25] R. Doc. No. 62.
[26] R. Doc. No. 67.
[27] *Id.*
[28] R. Doc. No. 71, at 4.
[29] R. Doc. No. 38.
[30] *See* R. Doc. No. 99-2, at 1; R. Doc. No. 106, at 4.
[31] R. Doc. No. 38.

9

**anticipated thirty days**."[32] At that time, the deadline to submit dispositive motions was January 22, 2020, the pretrial conference was set for February 11, 2020, and trial was scheduled to commence on March 9, 2020.[33]

Considering the lack of any detail supporting Salley's request for a continuance, the Court denied the request without prejudice only with respect to the motions deadline, the pretrial conference, and the trial date, preserving his right to re-urge his motion at a later date if necessary.[34] The Court also noted that the Magistrate Judge could make an independent determination as to the continuance of other deadlines set before her, including discovery hearings.[35]

The Court has not received any subsequent requests for a continuance from Salley. Furthermore, any illness has not prevented Salley from attending pretrial and settlement conferences in person and making numerous filings in this case during the past several months.[36] The Court notes that Salley has never filed a motion to withdraw as counsel of record.

---

[32] *Id.* Salley has not provided the Court or the Magistrate Judge with any medical documentation supporting his claim that he was disabled as a result of his medical condition.
[33] R. Doc. No. 12, at 1, 3.
[34] R. Doc. No. 39.
[35] *Id.*
[36] R. Doc. Nos. 51, 53, 63, 69, 71, 74, 77, 82, 84, 87, 90 & 95. In addition, as highlighted by Richard's counsel, Salley filed a separate declaratory judgment action on February 12, 2020. *See Danos v. Mott*, No. 20-509 (E.D. La. Feb. 12, 2020). R. Doc. No. 102, at 7–8.

## IV.

Because REC Marine has failed to demonstrate that the Magistrate Judge's March 27, 2020 order of sanctions is clearly erroneous or contrary to law,

**IT IS ORDERED** that the motion is **DENIED**. Salley and REC Marine shall comply with the Magistrate Judge's March 27, 2020 order in its entirety.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the original, first amended, second amended, and third amended notices of the corporate deposition of REC Marine pursuant to Federal Rule of Civil Procedure 30(b)(6) into the record.

New Orleans, Louisiana, May 15, 2020.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**