UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REC MARINE LOGISTICS, L.L.C.                          CIVIL ACTION

VERSUS                                                NO. 19-11149

DEQUINCY R. RICHARD                                   SECTION "I" (3)

ORDER

Before the Court is Defendant's Motion Requesting Court's Review and Reversal of Magistrate's Order Issued 9th April 2020 as Incorrect in Law and Fact. [Doc. #87].[1] The motion is opposed [Doc. #94], and REC Marine filed a reply. [Doc. #98]. Having reviewed the pleadings and the case law, the Court rules as follows.

I.  **Background**

This is a declaratory judgment action in which plaintiff seeks a declaration that it has no – or any further – obligation to pay maintenance and cure to defendant DeQuincy R. Richard, who is pursuing a claim for maintenance and cure for an alleged injury that he suffered onboard the M/V Dustin Danos while working as a deckhand. Plaintiff alleges that Richard suffered no injury nor did he fall on the vessel. It maintains that Richard fabricated the event, basing the injury on an old accident as evidenced by his medical records. [Doc. #1 at p. 1]. It alleges that Richard failed to honestly report his prior injuries and failed to comply with the policies of REC Marine and his Mariner's License.

Richard, however, maintains that he suffered injuries on the Dustin Danos. The answer [Doc. #4] alleges the following facts. On the day of the incident, Richard was helping the captain

---

[1] Defendant is actually the plaintiff in this declaratory judgment action. This Court shall refer to this entity as "REC Marine." In addition, this Court's order issued on March 9, 2020. [Doc. #79].

tie-down the vessel at a platform in the Gulf of Mexico. As he descended a set of defective metal stairs on the back of the vessel, the grating that comprised one of the steps shifted. As a result, Richard was thrown to the deck of the vessel, losing consciousness on impact and sustaining injuries to his head, neck, back, and right shoulder. Richard counterclaimed in this lawsuit, asserting negligence, unseaworthiness, and a claim for maintenance and cure.

On March 9, 2020, this Court held a discovery conference in this lawsuit. [Doc. #79]. After the conference, this Court issued an order in which it found that defendant DeQuincy R. Richard had properly served his requests for admission on REC Marine, who had failed to respond. [*Id.* at p. 1]. Pursuant to case law, this Court thus deemed the requests for admission admitted. [*Id.*]. This Court also ordered REC Marine to verify its responses to Richard's interrogatories no later than Friday, March 13, 2020. [*Id.*]. Richard had also propounded requests for production on REC Marine, and REC Marine had failed to respond to those as well. [*Id.*]. This Court thus found that REC Marine had waived all objections to the requests for production except those based on privilege and ordered REC Marine to respond to the requests no later than March 13, 2020. [*Id.* at p. 2].

## II.     Law and Analysis

While REC Marine's motion is less than clear as to the precise relief that it seeks, the Court construes the motion as a motion to reconsider this Court's March 9, 2020 order.[2] A motion to reconsider an interlocutory order is governed by Federal Rule of Civil Procedure 54(b). *See*

---

[2] Throughout its motion and memorandum in support, REC Marine variously seeks "review," "reversal," "re-issuance," "correction," "withdrawal," or "amendment" of this Court's March 9, 2020 order.

*McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018); *CIT Bank, N.A. v. Howard Transp., Inc.*, Civ. A. No. 17-10767, 2019 WL 3322725, at *1 (E.D. La. July 24, 2019). Rule 54(b) of the Federal Rules of Civil Procedure states, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under this rule, the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (2d ed.).

The general practice in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See Rosemond v. AIG Ins.*, Civ. A. No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009); *In re Katrina Canal Breaches Litig.*, Civ. A. No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009).[3] A Rule 59(e)

---

[3] There has been some discussion in this district as to whether the timeframes of Rules 59 and 60 bear on the standard under which a court reviews a motion to reconsider. *See, e.g., Broussard v. First Tower Loan, L.L.C.*, Civ. A. No. 15-1161, 2016 WL 879995, at *2 (E.D. La. Mar. 8, 2016) (Barbier, J.) ("The difference in treatment [of a motion to reconsider an interlocutory order] is based on timing."). However, given that a Fifth Circuit opinion makes clear that "[i]nterlocutory orders . . . are not within the provisions

motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Clark v. City of Thibodeaux*, No. CV 18-2364, 2019 WL 183851, at *1 (E.D. La. Jan. 14, 2019); *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

      REC Marine continues to harp on whether the service of the requests for admission was proper. This Court heard all of REC Marine's arguments at the discovery conference and rejected them then and rejects them now. Citing no federal or local rule or case law, REC Marine continues to maintain that the only proper method of service for all pleadings – including discovery requests – is through this court's CM/ECF system. But filing discovery requests in CM/ECF as a form of serving opposing counsel is forbidden by the federal rules, Fed. R. Civ. P. 5(d)(1)(A), and had Richard attempted service of his requests for admission through the CM/ECF system, the Clerk of Court's office would have struck them as deficient. Also citing no case law, REC Marine maintains that a paralegal cannot serve discovery requests. Although REC Marine could not provide Richard's counsel (or this Court) with legal support for this argument, out of an abundance of caution, Richard attempted service of the requests two more times at counsel's address as listed on REC Marine's complaint and the instant motion. Even though Richard provided this Court

---

of 60(b)," *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014), the Court concludes that plaintiffs' motion is properly considered under Rule 59(e) irrespective of how much time has elapsed between the Court's order and his motion to reconsider. *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 394 (E.D. La. 2016).

with the uncontested affidavit of a private process server that REC Marine was served at a proper address and that counsel refused service, [Doc. #94-6], REC Marine still challenges all three methods of service as improper. This Court will hear no more on this issue. REC Marine has consistently, habitually, and unprofessionally spouted rules and case law as support for its position, but counsel is never able to provide opposing counsel or this Court with said legal support. Indeed, REC Marine has used this motion as a vehicle to rehash arguments that this Court has already heard and rejected, and that is an improper use of a motion to reconsider. *See Hightower v. Grp. 1 Auto., Inc.*, Civ. A. No. CV 15-1284, 2016 WL 3430569, at *3 (E.D. La. June 22, 2016) ("Importantly, Rule 54(b) motions, like those under Rules 59(e) and 60(b), are not the proper vehicle for rehashing evidence, legal theories, or arguments.").

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion Requesting Court's Review and Reversal of Magistrate's Order Issued 9th April 2020 as Incorrect in Law and Fact [Doc. #87] is DENIED.

New Orleans, Louisiana, this 23rd day of June, 2020.

                                                          **DANA M. DOUGLAS**
                                                          **UNITED STATES MAGISTRATE JUDGE**