UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REC MARINE LOGISTICS, LLC | § | C.A. NO. 2:19-cv-11149-LMA-DMD |
| | § | |
| V. | § | |
| | § | |
| DEQUINCY R. RICHARD | § | SEC.  "I"         MAG.  (3) |
| | § | |
| V. | § | |
| | § | |
| REC MARINE LOGISTICS, LLC, | § | |
| GULF OFFSHORE LOGISTICS LLC and | § | |
| OFFSHORE TRANSPORT SERVICES, LLC | § | |

**RICHARD'S MEMORANDUM IN OPPOSITION TO
REC MARINE'S MOTION UNDER FRCP RULE 72**

NOW INTO COURT, through undersigned counsel, comes Defendant/Counter/Third-Party Plaintiff DeQuincy Richard ("Richard"), and, for his Memorandum in Opposition to the Motion Under FRCP Rule 72 to Object, Appeal and Reverse the Incorect [sic] Ruling on Service Issued by the Magistrate 23 June 2020 (Rec. Doc. 134) filed by REC Marine et al, would respectfully show:

**I. BACKGROUND**

The Court is well familiar with the background of this case, and, for brevity, Richard incorporates the following as if fully set forth herein: Richard's Motion to Compel (Rec. Doc. 29), Reply Memorandum in Support (Rec. Doc. 37) and the Court's Order of December 19, 2019, granting Richard's Motion to Compel. (Rec. Doc. 49); Richard's Motion for Attorney's Fees (Rec. Doc. 50) and Reply Memorandum in Support (Rec. Doc. 57); Richard's Motion for Sanctions (Rec. Doc. 58); the Magistrate's Order dated March 27, 2020 granting the Motion for Sanctions (Rec. Doc. 93); and the Court's Order dated May 15, 2020 denying REC Marine's Motion for Modification of the Order on Sanctions (Rec. Doc. 107); Richard's Memorandum in Opposition to Motion

Requesting Court's Review and Reversal of Magistrate's Order (Rec. Doc. 94); and the Magistrate's Order of June 23, 2020 (Rec. Doc. 123).

**Enough is enough.** Since the filing of this lawsuit by REC Marine, the company has engaged in a systematic attempt to frustrate Richard's pursuit of justice. Again and again counsel for REC Marine has willfully ignored orders of the both Magistrate Judge and of this Honorable District Court. The Company has appealed or requested reversal of every single ruling that has been made during the prosecution of this case. REC Marine has even improperly appealed two times to the Fifth Circuit Court of Appeals despite the appellate court lacking jurisdiction. This Motion is yet another in the long line of attempts by REC Marine to cause delay and frustrate the injured seaman. As the Court is aware, the pending matter is an action that was actually filed by REC Marine. Despite the fact that REC Marine filed it, the company's actions indicate all it wants to do is delay the "just, speedy and inexpensive determination" of Richard's claims. *See* Fed. R. Civ. P. 1. In the interest of judicial economy, Richard brought his counterclaims and third-party claims within this proceeding. All Richard has sought is what is allowed under the Federal Rules of Civil Procedure. A review of the docket in this matter will show REC Marine and the Third-Party Defendants have engaged in a deliberate delay of the resolution of the claims brought in this lawsuit, and violated multiple Orders issued by the Court along the way. Opposing counsel has even been sanctioned for his improper conduct during the prosecution of this case.

As recently noted by Magistrate Douglas in the Order REC Marine is challenging:

> This Court will hear no more on this issue. REC Marine has consistently, habitually, and unprofessionally spouted rules and case law as support for its position, but counsel is never able to provide opposing counsel or this Court with said legal support. Indeed, REC Marine has used this motion as a vehicle to rehash arguments

      that this Court has already heard and rejected, and that is an improper use of a motion to reconsider.

Rec. Doc. 123, p. 5.

Now, having struck out in front of the Magistrate on two separate occasions related to the discovery at issue, the company untimely turns to the District Court. A review of the Memorandum in Support shows REC Marine has yet again failed to provide any legal support for its arguments. Instead, REC Marine's counsel presents this Court a false, alternate reality, unsupported by any actual evidence. Counsel for REC Marine has yet again decided to deliberately misrepresent facts to this Honorable Court, and should not be rewarded for it. The Magistrate's Order was undeniably appropriate given the underlying facts related to this discovery dispute, and REC Marine et al have failed to provide sufficient justification for it to be overturned or modified in any way.

## II. ARGUMENT & AUTHORITY

Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See* Fed. R. Civ. P.72(a). A district court reviews a magistrate judge's order pursuant to the standards set forth in the Federal Magistrate's Act, 28 U.S.C. §§ 631-39, and Federal Rule of Civil Procedure 72. Pursuant to these rules, non-dispositive pretrial motions are to be reviewed under the clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). A decision is clearly erroneous or contrary to law when the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Armour v. Hobart Corp.*, 1998 WL 886995, at * 1 (Dec. 18, 1998) (Clement, J.) (*citing Palacios Seafood, Inc. v. Piling, Inc.*, 888 F.2d 1509, 1513 (5th Cir. 1989)). Matters concerning discovery generally are considered non-dispositive to the litigation. *Recinos-Recinos v. Express Forestry, Inc.*, 2006 U.S. Dist. LEXIS 84583, 2006 WL

3388485, at *1 (E.D. La. Nov. 20, 2006) (Africk, J.) (*citing Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1018 (5th Cir. 1981)).

### A. REC Marine's Motion is not timely

Rule 72(a) of the Federal Rules of Civil Procedure provides the timeframe that govern all appeals of a Magistrate's decision. It provides in part: "A party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. Proc. 72(a).

Magistrate Douglas issued her order on March 9, 2020, regarding the discovery at issue. Rec. Doc. 79. Accordingly, if REC Marine wanted to appeal any of the contents in her Order, it had fourteen (14) days to object to the District Court. **However, it did not do so.** Instead, on March 13, 2020, REC Marine filed a motion requesting the Magistrate reconsider and reverse her Order. Rec. Doc. 87. The Magistrate denied the motion to reconsider on June 23, 2020. Rec. Doc. 123. To be clear, it is not the Magistrate's recent Order that is being challenged by REC Marine, it is the original Order that was issued following the discovery conference. Because REC Marine did not object to the Order within fourteen days, the Motion is not timely and should not be considered by this Court.

### B. The Magistrate's ruling was neither clearly erroneous, nor contrary to law

The Motion fails to present this Court with any explanation as to how the Magistrate's Order was either clearly erroneous, or contrary to law. In fact, the Motion is completely silent as to the legal standard that must be met for this Court to overturn the well-reasoned analysis provided in the Magistrate's Order.

As the Magistrate was informed during the discovery conference held on March 9, 2020, the history of service attempts in this lawsuit is both long and absurd in the lengths to which undersigned counsel was required to go to serve discovery requests on REC Marine and its counsel. Initially,

4

on October 3, 2019, discovery requests signed by counsel were served on REC Marine, Gulf Offshore Logistics and Offshore Transport Services via email sent by undersigned counsel's paralegal. Ex. 1. On the same date, counsel for the three entities (Fred Salley) responded via email:

> You are not authorized by the federal rules to serve any pleadings on opposing counsel. Counsel must effect service themselves under their name on opposing counsel. It is a federal court of law and record--paralegals do not posses the required qualifications or exposure, and are not members of the state bar or federal bar.

Ex. 2 at p. 2.

On the same date, undersigned counsel re-served the discovery, requesting Fred Salley provide the specific Federal Rule that forbade his paralegal from serving discovery signed by an attorney. *Id.* at p. 1. No Federal Rule of Civil Procedure was ever cited by Salley in support of his refusal to accept the initial service. Salley responded via email, claiming that the discovery was not valid, and that undersigned counsel had somehow violated unstated bar rules:

> Eric:
> If you are not correctly/currently admitted to the EDLA, this discovery initiated by you would not be valid. As an officer of the Court, I am obliged to point out any probable discrepancies in the bar rules.

Ex. 3 at p. 3. At the time discovery was served, undersigned counsel had been admitted *pro hac vice* in this case. Rec. Doc. 6. Undersigned counsel responded and asked Salley if he was objecting to service of the email that had been made, but no response was ever provided. Ex. 3.

Out of an abundance of caution, Richard's local counsel, Josh Koch, who is admitted to the bar of the Eastern District of Louisiana served the discovery, a third time, signing the requests himself, and serving via private process server. Ex. 4. Based on the difficulties in service previously, Richard also served additional sets of discovery, as noted on Mr. Koch's letter. *Id.* The additional discovery included Richard's Second Requests for Production and Richard's First Request

for Admissions to all three entities. *Id.* This discovery was served on Fred Salley at the address provided on his signature block included on REC Marine's Complaint: 77378 Hwy 1081 Cretien Annex, Covington, Louisiana 70434. Ex. 4; *See* Rec. Doc. 1 at p. 4. This also happens to be the address provided by Salley in his signature block on his Motion to Reverse the Magistrate's Ruling. *See* Rec. Doc. 87 at p. 1. A search of the Louisiana State Bar Association Membership Directory for Fred Salley indicates this address is also his primary address listed with the Louisiana State Bar. Ex. 5.

At the discovery conference, the Magistrate was provided with the affidavit of the private process server who confirmed that the discovery was served on Salley at this address. Ex. 6. This was done in accordance with Fed R. Civ. P. 5(b):

> **(b) Service: How Made.**
>
> (1) Serving an Attorney. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
>
> (2) Service in General. A paper is served under this rule by:
>
>> (A) handing it to the person;
>>
>> (B) leaving it:
>>
>>> (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>>>
>>> (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

Fed R. Civ. P. 5(b).

At the discovery conference Salley denied ever having received the discovery that was served. Now, in apparent attempt to reverse the Magistrate's Order, Salley challenges the method

of service by changing his story and claiming that service was made at his personal residence. To be clear, the discovery was not served at Salley's alleged residence, it was served at the address listed in his signature block on numerous documents filed in this case. It is also the address that Salley provided to the Louisiana State bar as his office. Salley complains that one of the proper methods for service was email, and this should have been used for the discovery at issue here. Rec. Doc. 134-2 at p. 3. As shown above, Salley's requested method was actually tried multiple times by undersigned counsel and his office, to no avail. Salley refused to accept service multiple times via email and now complains to this Honorable Court that he was not served via the same. It would be a laughable argument if this case was not about severe head, neck, back and shoulder injuries suffered by a 32 year old seaman, through no fault of his own.

    Under Federal Rule of Civil Procedure 36(a), requests for admissions are deemed admitted if not answered within 30 days. *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) ("Under Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). The Magistrate's ruling was not in violation of any of the longstanding rules governing discovery. REC Marine et al have failed to respond to requests for admissions that were validly served. In her Order, Magistrate Douglas followed the existing law regarding this failure, and applied it to the underlying facts in this case. The decision should not be modified in any manner. REC Marine has presented no case law and no new facts in support of its request. There is no justification for the Magistrate to reverse her prior ruling. REC Marine had literally months to respond to discovery that was validly served. Instead of doing so, the entities and their counsel simply ignored it. Now, in accordance with the Federal Rules of Civil Procedure, the entities must pay the cost for this refusal.

### III. CONCLUSION

The Magistrate correctly applied longstanding law to the underlying factual background related to this discovery dispute. There is no valid justification provided by REC Marine for why her well-reasoned decision should be overturned or modified in any manner. The Magistrate's Order should be upheld.

WHEREFORE, Richard prays the Court deny the instant Motion, and for all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Eric J. Rhine*
Eric J. Rhine (*admitted PHV)*
Texas Bar No. 24060485
erhine@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656

KOCH & SCHMIDT, LLC
R. Joshua Koch, Jr. (Bar Roll No. 7767)
650 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 208-9040
Facsimile: (504) 208-9041

ATTORNEYS FOR RICHARD

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing was automatically accomplished on all counsel of record through CM/ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure on this 13th day of July, 2020.

>  */s/ Eric J. Rhine*
> Eric J. Rhine