UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REC MARINE LOGISTICS, LLC | § | C.A. NO. 2:19-cv-11149-LMA-DMD |
| | § | |
| V. | § | |
| | § | |
| DEQUINCY R. RICHARD | § | SEC. "I"     MAG. (3) |
| | § | |
| V. | § | |
| | § | |
| REC MARINE LOGISTICS, LLC, | § | |
| GULF OFFSHORE LOGISTICS LLC and | § | |
| OFFSHORE TRANSPORT SERVICES, LLC | § | |

**RICHARD'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE*
TO LIMIT THE TESTIMONY OF DR. BRETT E. CASEY**

NOW INTO COURT, through undersigned counsel, comes Defendant/Counter/Third-Party Plaintiff DeQuincy Richard ("Richard"), and respectfully moves this Honorable Court for an Order limiting the testimony of Dr. Brett E. Casey ("Dr. Casey"), as set forth below.

**I.   BACKGROUND**

On November 6, 2018, while Richard was performing his duties in the service of the *Dustin Danos*, he sustained severe injuries on said vessel owned, operated, and crewed by REC Marine and Offshore Transport Services, LLC.  On the day of the incident, Richard was helping the captain tie-down the vessel at a platform in the Gulf of Mexico.  As he descended a set of defective stairs on the back of the vessel, the grating that comprised one of the steps shifted.  As a result, Richard was thrown to the deck of the vessel, losing consciousness on impact, and sustaining injuries to his head, neck, back and right shoulder.

REC Marine filed this Complaint for Declaratory Relief on June 11, 2019. (Rec. Doc. 1) On August 8, 2019, Richard filed his Answer to the Complaint for Declaratory Judgment and asserted Counter-Claims against REC Marine and Third Party Claims against Gulf Offshore Logistics LLC and Offshore Transport Services, LLC, bringing Jones Act and general maritime law claims for negligence and unseaworthiness. (Rec. Doc. 4). The deadline for Dr. Casey to be designated as an expert was December 13, 2019. (Rec. Doc. 12). Despite this, no designation has ever been made by REC Marine. At the Pretrial Conference held on February 11, 2020, this Honorable Court indicated it would still allow Dr. Casey as an expert for REC Marine. (Rec. Doc. 72). Since that date, REC Marine has still failed to serve any expert designation that identifies specifically what opinions Dr. Casey will be called to provide.

Presumably, although he has never actually been designated as an expert, REC Marine intends to utilize the testimony of Dr. Casey at trial. It is unclear specifically what testimony REC Marine intends to illicit from Dr. Casey, because no expert designation under the Federal Rules of Civil Procedure has ever been provided. Dr. Casey performed an IME of Richard's right shoulder injuries, and issued a report on March 12, 2020. *See* Ex. 1, Report of Dr. Casey. There is no indication in this report that Dr. Casey performed any examination of Richard's cervical spine, nor did the IME requested by REC Marine cover the cervical spine. Similarly, Dr. Casey did not perform any examination or testing of Richard's brain injuries, nor was this part of the IME. Out of an abundance of caution, Richard files this Motion to exclude any testimony of Dr. Casey related to either Richard's brain/head injuries or the injuries to his cervical spine. At trial, any testimony from Dr. Casey should be limited solely to opinions related to Richard's right shoulder.

## II.  ARGUMENT & AUTHORITY

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. The rule provides that an expert may provide expert testimony if:

(a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) The testimony is based on sufficient facts or data;

(c) The testimony is the product of reliable principles and methods; and

(d) The expert has reliably applied the principles and methods to the facts of the case.

In *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, the Supreme Court imposed a "gatekeeping" obligation upon courts to ensure that such testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *see also Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010). Further, the party offering the expert opinion bears the burden of showing by a preponderance of the evidence that the expert's testimony is reliable and relevant. *Snider v. New Hampshire Insurance Company*, Civil Action NO. 14-2132, 2016 WL 3193473 at *1 (E.D. La. June 9, 2016) (*citing Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002)).

## III.  CONCLUSION

Dr. Casey performed an IME on Richard's right shoulder.  Ex. 1.  He did not perform any examination on Richard's neck or head injuries.  *Id.*  Accordingly, any testimony that is beyond the scope of the right shoulder examination, and Dr. Casey's opinions related to Richard's right shoulder, exceeds what is allowed under *Daubert*.  Any testimony that covers body parts that were

not examined during Dr. Casey's IME is both unreliable and not based on any facts or data, and should be excluded by this Honorable Court.

                              Respectfully submitted,

*/s/ Eric J. Rhine*
Eric J. Rhine (*admitted PHV*)
Texas Bar No. 24060485
erhine@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:     713-653-5656

KOCH & SCHMIDT, LLC
R. Joshua Koch, Jr. (Bar Roll No. 7767)
650 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 208-9040
Facsimile: (504) 208-9041

ATTORNEYS FOR RICHARD

## **CERTIFICATE OF SERVICE**

    I hereby certify that service of the foregoing was automatically accomplished on all counsel of record through CM/ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure on this 18th day of August, 2020.

                              */s/ Eric J. Rhine*
                              Eric J. Rhine