UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REC MARINE LOGISTICS, LLC | § | C.A. NO. 2:19-cv-11149-LMA-DMD |
| | § | |
| V. | § | |
| | § | |
| DEQUINCY R. RICHARD | § | SEC. "I"    MAG. (3) |
| | § | |
| V. | § | |
| | § | |
| REC MARINE LOGISTICS, LLC, | § | |
| GULF OFFSHORE LOGISTICS LLC and | § | |
| OFFSHORE TRANSPORT SERVICES, LLC | § | |

**RICHARD'S MEMORANDUM IN OPPOSITION TO
REC MARINE'S MOTION TO TERMINATE PRIOR DEFAULT**

NOW INTO COURT, through undersigned counsel, comes Defendant/Counter/Third-Party Plaintiff DeQuincy Richard ("Richard"), and, for his Memorandum in Opposition to the "Motion to Terminate Prior Default and File Response" (Rec. Doc. 158) filed by REC Marine et al, would respectfully show:

### I. BACKGROUND

**This is now the fourth separate attempt by REC Marine to have its deliberate refusal to respond to Requests for Admission excused by this Honorable Court.** It is yet another in a long line of improper motions with no basis in case law, evidence, or argument. It is part of the systematic attempt to sidetrack this Honorable Court from the life-altering injuries sustained by Richard as a result of REC Marine's negligence and unseaworthiness of the vessel. As recently noted by Magistrate Douglas in the Order rejecting REC Marine's second attempt at overturning its deemed admissions:

> This Court will hear no more on this issue. REC Marine has consistently, habitually, and unprofessionally spouted rules and case law as support for its position, but

>counsel is never able to provide opposing counsel or this Court with said legal support. Indeed, REC Marine has used this motion as a vehicle to rehash arguments that this Court has already heard and rejected, and that is an improper use of a motion to reconsider.

Rec. Doc. 123, p. 5. Nothing has changed to warrant this fourth attempt.

In an attempt to deliberately mislead the Court, REC Marine attempts to disguise its Motion as one seeking to overturn a prior default and to allow it to file responsive pleadings. Nowhere in the Motion or accompanying Memorandum in Support does REC Marine identify what pleading has been defaulted by the Court. *See* Rec Doc. 158. **This is because there was no default entered by this Court at any time**. A review of REC Marine's Memorandum in Support makes clear the Motion is related to the claims of ineffective service that were the subject of REC Marine's prior three attempts to have its deemed admissions overturned. *See* Rec. Docs. 87, 134[1].

The Court is well familiar with the background of this case. For brevity, Richard incorporates the following as if fully set forth herein: Richard's Motion to Compel (Rec. Doc. 29), Reply Memorandum in Support (Rec. Doc. 37) and the Court's Order of December 19, 2019, granting Richard's Motion to Compel. (Rec. Doc. 49); Richard's Motion for Attorney's Fees (Rec. Doc. 50) and Reply Memorandum in Support (Rec. Doc. 57); Richard's Motion for Sanctions (Rec. Doc. 58); the Magistrate's Order dated March 27, 2020 granting the Motion for Sanctions (Rec. Doc. 93); and the Court's Order dated May 15, 2020 denying REC Marine's Motion for Modification of

---

[1] Although only two formal Motions have been filed by REC Marine regarding service, both of them followed the discussion of service that occurred during the Discovery Conference held before Magistrate Douglas on March 9, 2020. *See* Rec. Doc. 79 ("Defendant served Requests for Admission to REC Marine Logistics, L.L.C., Offshore Transport Services, L.L.C., and Gulf Offshore Logistics, L.L.C. on October 4, 2019. There is an uncontested affidavit by the process server to this effect. Plaintiff never responded to the requests for admission. Accordingly, the requests for admission are now deemed admitted pursuant to Federal Rule of Civil Procedure 36. *Hernandez v. Morning Call Coffee Stand, Inc.*, Civ. A. No. 17-2613, 2017 WL 4475870, at *3 (E.D. La. Oct. 6, 2017).")

the Order on Sanctions (Rec. Doc. 107); Richard's Memorandum in Opposition to Motion Requesting Court's Review and Reversal of Magistrate's Order (Rec. Doc. 94); the Magistrate's Order of June 23, 2020 (Rec. Doc. 123); Richard's Memorandum in Opposition (Rec. Doc. 136); The Court's Order dated August 26, 2020, denying REC Marine's Motion to Appeal and Reverse the Magistrate's Order on Service (Rec. Doc. 150).

Now, having struck out in front of the Magistrate on two separate occasions related to the discovery at issue, and having already lost an attempt to have Judge Africk overturn the Magistrate's decision on this issue, REC Marine attempts for a fourth time to excuse its refusal to respond to discovery in this case. **A review of the Memorandum in Support shows REC Marine has yet again failed to provide any legal support for its arguments.  Instead, REC Marine's counsel presents this Court a false, alternate reality, unsupported by any actual evidence.** Counsel for REC Marine has yet again decided to deliberately misrepresent facts to this Honorable Court, and should not be rewarded for it.

## II.  ARGUMENT & AUTHORITY

The prior decisions of the Magistrate and this Honorable Court were valid, and no there is no justification for overturning them.  These issues have already been heavily briefed by the parties. No justification is made for why the three prior decisions regarding the discovery at issue should be modified in any way.  No new evidence has been provided, no new creative argument has been made.  Instead, REC Marine cloaks its attempt by referring to it as an attempt to remedy a default issued due to an allegedly missing pleading.  Such argument is transparent for what it is: an attempt to mislead the Court, which should be soundly rejected.  To the extent necessary, Richard incorporates by reference as though fully set forth herein his prior briefing on this issue (Rec. Docs.

3

94, 136), the Magistrate's Orders on this issue (Rec. Docs. 79, 123), and the Order of this Honorable Court dated August 26, 2020 (Rec. Doc. 150).

### III.  CONCLUSION

The Magistrate previously correctly applied longstanding law to the underlying factual background related to this discovery dispute on two separate occasions.  This Honorable Court did the same  There is no valid justification provided by REC Marine for why the multiple well-reasoned decisions should be overturned in any manner.  The Motion should be denied.

WHEREFORE, Richard prays the Court deny the instant Motion, and for all other relief to which he may be entitled.

                                              Respectfully submitted,

                                              */s/ Eric J. Rhine*
Eric J. Rhine (*admitted PHV*)
Texas Bar No. 24060485
erhine@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:     713-653-5600
Facsimile:      713-653-5656

KOCH & SCHMIDT, LLC
R. Joshua Koch, Jr. (Bar Roll No. 7767)
650 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 208-9040
Facsimile: (504) 208-9041

ATTORNEYS FOR RICHARD

**CERTIFICATE OF SERVICE**

      I hereby certify that service of the foregoing was automatically accomplished on all counsel of record through CM/ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure on this 22nd day of September, 2020.

                                            */s/ Eric J. Rhine*
                                            Eric J. Rhine