UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REC MARINE LOGISTICS, LLC | § | C.A. NO. 2:19-cv-11149-LMA-DMD |
| | § | |
| V. | § | |
| | § | |
| DEQUINCY R. RICHARD | § | SEC. "I"      MAG. (3) |
| | § | |
| V. | § | |
| | § | |
| REC MARINE LOGISTICS, LLC, | § | |
| GULF OFFSHORE LOGISTICS LLC and | § | |
| OFFSHORE TRANSPORT SERVICES, LLC | § | |

**RICHARD'S MEMORANDUM IN OPPOSITION TO
REC MARINE'S MOTION TO COMPEL**

NOW INTO COURT, through undersigned counsel, comes Defendant/Counter/Third-Party Plaintiff DeQuincy Richard ("Richard"), and, for his Memorandum in Opposition to the Motion to Compel Richard's Appearance at Medical Exam (Rec. Doc. 156) filed by REC Marine et al, would respectfully show:

**I.  BACKGROUND**

The Court is well familiar with the background of this case.  For brevity, Richard incorporates the following as if fully set forth herein: Richard's Motion to Compel (Rec. Doc. 29), Reply Memorandum in Support (Rec. Doc. 37) and the Court's Order of December 19, 2019, granting Richard's Motion to Compel. (Rec. Doc. 49); Richard's Motion for Attorney's Fees (Rec. Doc. 50) and Reply Memorandum in Support (Rec. Doc. 57); Richard's Motion for Sanctions (Rec. Doc. 58); the Magistrate's Order dated March 27, 2020 granting the Motion for Sanctions (Rec. Doc. 93); and the Court's Order dated May 15, 2020 denying REC Marine's Motion for Modification of the Order on Sanctions (Rec. Doc. 107); Richard's Memorandum in Opposition to Motion

Requesting Court's Review and Reversal of Magistrate's Order (Rec. Doc. 94); and the Magistrate's Order of June 23, 2020 (Rec. Doc. 123).

Since the filing of this lawsuit by REC Marine, the company has engaged in a systematic attempt to frustrate Richard's pursuit of justice. Again and again counsel for REC Marine has willfully ignored orders of the both Magistrate Judge and of this Honorable Court. REC Marine has appealed or requested reversal of every single ruling that has been made during the prosecution of this case. REC Marine has even improperly appealed two times to the Fifth Circuit Court of Appeals despite the appellate court lacking jurisdiction.

This Motion is yet another in the long line of attempts by REC Marine to cause delay and frustrate the injured seaman. As the Court is aware, the pending matter is an action that was actually filed by REC Marine. Despite the fact that REC Marine instituted litigation, its actions indicate all it wants to do is delay the "just, speedy and inexpensive determination" of Richard's claims. *See* Fed. R. Civ. P. 1. In the interest of judicial economy, Richard brought his counterclaims and third-party claims within this proceeding. A review of the docket in this matter will show REC Marine and the Third-Party Defendants have engaged in a deliberate delay of the resolution of the claims brought in this lawsuit, and violated multiple Orders issued by the Court along the way. Opposing counsel has even been sanctioned for his improper conduct during the prosecution of this case.

As recently noted by Magistrate Douglas:

> This Court will hear no more on this issue. REC Marine has consistently, habitually, and unprofessionally spouted rules and case law as support for its position, but counsel is never able to provide opposing counsel or this Court with said legal support. Indeed, REC Marine has used this motion as a vehicle to rehash arguments that this Court has already heard and rejected, and that is an improper use of a motion to reconsider.

Rec. Doc. 123, p. 5.

 Now, on the eve of trial, for the first time REC Marine seeks to compel Richard be examined by a neurologist. REC Marine does this despite its expert deadline and the discovery deadline having passed in December 2019. No explanation is provided for why REC Marine decided to wait until the eve of trial to request a neurological examination of Richard. To be clear, the neurological injuries sustained by Richard have been well documented dating back to far in advance of the December 2019 deadlines to designate experts and conduct discovery. **There has been no recent change in Richard's neurological treatment or diagnosis**. REC Marine made the decision not to timely have Richard examined by a neurologist of its choice, and has provided no justification for the Court to ignore this decision. This Motion should be treated for what it is, a shameless attempt to further delay this matter.

## II. ARGUMENT & AUTHORITY

 Rule 35(a) of the Federal Rules of Civil Procedure provides: when the mental or physical condition of a party is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a). The order may be made only on motion for good cause shown. *Id.* Thus, there is a two-part test for determining whether a motion to compel will be granted. First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104, 13 L. Ed. 2d 152, 85 S. Ct. 234 (1964).

### A.     REC Marine failed to timely seek a Rule 35 Examination

"Rule 35 examinations are subject to the Court's discovery deadlines." *In re Harper*, CV 15-157-JWD-RLB, 2016 U.S. Dist. LEXIS 165852, 2016 WL 7031883, at *2 (M.D. La. Dec. 1, 2016). The Court therefore determines whether to permit amendment to accommodate an untimely Rule 35 request by considering "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016) (citing Fed. R. Civ. P. 16(b)(4)).

Pursuant to the Court's Scheduling Order, expert disclosures and reports for the Defendants' experts were due December 13, 2019.  (Rec. Doc. 12).  The deadline for discovery to be completed was December 27, 2019.  *Id.*  Despite these deadlines, REC Marine waited until September 6, 2020, to file a Motion with the Court seeking a medical examination.  (Rec. Doc. 156).  As Rule 35 examinations are subject to the Court's discovery deadlines, REC Marine's request cannot be considered timely.  REC Marine's Motion is wholly absent of both the legal framework that must be met for this Court to excuse the untimely request, and any analysis of what REC Marine must prove.  No explanation is provided for REC Marine's failure to seek an IME prior to the expiration of the discovery period.  Nor is any analysis given for the remaining factors that must be shown for this Court to ignore the willful failure of REC Marine to abide by the Scheduling Order. The Motion is wholly devoid of any actual support, whether evidentiary, or relevant case law, for why it should be granted.

**2.   REC Marine has known about Richard's neurological injuries and complaints, and their severity, since at least September 9, 2019.**

Richard expects REC Marine to attempt to manufacture in any reply brief a claim that Richard's injuries were not known prior to the expiration of the deadlines in the Court's Scheduling Order. In advance of that argument –which would be the only justification for this late attempt at excusing the failure to timely request a Rule 35 examination– Richard responds as follows.

Medical records for Richard's treatment have been provided regularly throughout this litigation. On September 9, 2019, 110 pages of medical records, containing reports, statements, and numerous requests from Richard's medical providers for imaging to be performed were provided to counsel for REC Marine in response to discovery requests. Ex. 1, Affidavit of Eric J. Rhine. Included within that production were the following medical records from Dr. Morteza Shamsnia, Richard's neurologist:

- Report from Dr. Shamsnia dated January 9, 2019;
- Report from Dr. Shamsnia dated March 13, 2019;
- Cost Estimate for EMG dated March 13, 2019;
- Report from Dr. Shamsnia dated August 22, 2019;
- Order for Cervical MRI without Contrast dated August 22, 2019;
- Order for Brain MRI without Contrast dated August 22, 2019;
- Order for Lumbar MRI without Contrast dated August 22, 2019.

*Id.* On November 13, 2019, discovery responses were supplemented and REC Marine was served with the results of the EMG conducted by Dr. Shamsnia. *Id.* The voluminous records that were produced to REC Marine document numerous neurological injuries and complaints, all of which

were produced sufficiently in advance of the Court's deadlines to allow REC Marine enough information to know that a medical examination was needed.

Reviewing the Report from Dr. Shamsnia dated January 9, 2019, shows just how hollow any claim of surprise regarding this medical condition would be. On that date, Richard presented with "complaints of headaches, right neck pain, right rib pain, and right shoulder pain." Ex. 2, January 9, 2019, Report from Dr. Shamsnia, p. 1. Richard experienced pounding headaches an average of 2 times per week, with associated symptoms of light/noise sensitivity and dizziness. *Id.* The Examination performed by Dr. Shamsnia identified the following symptoms of concussion related to the head trauma: "blurred vision, dizziness, drowsiness, excessive sleep, easily distracted, fatigue, headache, inappropriate emotion, irritability, memory problems, confusion, personality changes, poor concentration, seeing stars, sensitivity to light or noise, sleep disturbance." *Id.* at p. 2. Richard's answers to head trauma pre-screening questions were also unambiguous:

> Did you have head trauma? yes.
> Did you lose your consciousness? yes.
> Were you dazed or confused after head trauma? yes.

*Id.* Following the objective examination and test results, Dr. Shamsnia diagnosed: 1. Post concussion syndrome - F07.81 (Primary); 2. Post-concussion headache - G44.309; 3. Neck pain - M54.2; 4. Cervical radiculopathy - M54.12; 5. Right shoulder pain - M25.511; 6. Memory difficulties - R41.3; 7. Rib pain on right side. *Id.* at p. 3. Ultimately, Dr. Shamsnia was unambiguous about the neurological abnormalities shown by Richard, and the significant neurological treatment that was required:

> He has noticed some difficulty with concentration and memory since the accident.
> Patient also suffering from frequent headaches, neck, and shoulder pain.

> His neurologic examination is abnormal with a spasm in the neck and shoulder region. His range of motion in this area is also limited. Selective muscle testing also shows weakness of the right pronator muscle.
>
> I had a detailed discussion with the patient in regard to workup we will need, he will continue his present treatment in regard to his physical therapy. We will handle the rest of his treatment and diagnostic testing is in our center.
>
> He will need to have neurophysiological testings that will include EMG/NCV/DEP of the UE as well as brain monitoring with EEG. After completion of the diagnostic testings he may need high resolution neuroimaging . For now patient will be on total disability, his medication was changed and prescribed on his visit.

*Id.* REC Marine has had the above record, as well as all the other reports and imaging requests/results from Shamsnia Neurology for in excess of a year. What is the justification for the failure to request an IME until the eve of trial? There is none, other than an attempt to delay trial.

Simply put, throughout this litigation REC Marine has known that Richard sustained significant neurological injuries when he fell on the vessel and struck his head. Richard's complaints have been consistent, and REC Marine has had numerous medical records related to the head trauma and neurological deficits at least since September 2019. REC Marine had plenty of time to request and obtain a neuro IME in accordance with the Court's Scheduling Order, but chose not to. There has been no justification provided to excuse that decision.

### III. CONCLUSION

A Rule 35 examination is subject to the deadlines regarding discovery contained in the Court's Scheduling Order. Despite this, and despite having full awareness of the neurological injuries sustained by Richard, REC Marine chose not to timely request an IME. Not only did REC Marine wait until roughly nine months after the deadline, but it has provided literally no evidence

or support as to why it was unable to conduct the IME timely. The request should be seen for what it is - an attempt to further delay Richard's day in Court.

WHEREFORE, Richard prays the Court deny the instant Motion, and for all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Eric J. Rhine*
Eric J. Rhine (*admitted PHV*)
Texas Bar No. 24060485
erhine@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone: 713-653-5600
Facsimile: 713-653-5656

KOCH & SCHMIDT, LLC
R. Joshua Koch, Jr. (Bar Roll No. 7767)
650 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
Telephone: (504) 208-9040
Facsimile: (504) 208-9041

ATTORNEYS FOR RICHARD

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was automatically accomplished on all counsel of record through CM/ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure on this 22nd day of September, 2020.

*/s/ Eric J. Rhine*
Eric J. Rhine