UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REC MARINE LOGISTICS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-11149** |
| **DEQUINCY R. RICHARD** | **SECTION I** |

### ORDER AND REASONS

Before the Court is plaintiff REC Marine Logistics, LLC's ("REC") motion[1] to terminate a prior default judgment and to file a response. For the following reasons, the motion is denied.

### I.

This is yet another attempt by REC to have the Court reconsider issues related to the service of process, with which the Court is familiar.[2] In a previous order and

---

[1] R. Doc. No. 158.

[2] *See* R. Doc. No. 79, at 1–2 (U.S. Magistrate Judge minute entry of a discovery conference held on March 9, 2020) (stating that "Defendant served Requests for Admission to REC Marine Logistics, L.L.C., Offshore Transport Services, L.L.C., and Gulf Offshore Logistics, L.L.C. on October 4, 2019. There is an uncontested affidavit by the process server to this effect. Plaintiff never responded to the requests for admission. Accordingly, the requests for admission are now deemed admitted pursuant to Federal Rule of Civil Procedure 36 . . . . Plaintiff also failed to verify its responses to the interrogatories. Plaintiff shall do so by Friday, March 13, 2020 at 3:00 p.m. Moreover, defendant served a second set of requests for production on the same three entities on the same date. Defendant never received a response . . . . Accordingly, plaintiff has waived any objection – except as to the attorney-client and work-product privileges – to the second set of requests for production."); R. Doc. No. 87 (REC Marine motion for the U.S. Magistrate Judge to reverse the minute entry dated March 9, 2020); R. Doc. No. 123, at 4 (U.S. Magistrate order denying REC Marine's motion to reverse the minute entry dated March 9, 2020).

reasons,[3] the Court denied REC's motion[4] to reverse an order[5] of the U.S. Magistrate Judge, upon finding that the U.S. Magistrate's Judge's ruling was not clearly erroneous or contrary to law. In the underlying order, which was itself responsive to an REC motion for reconsideration of an earlier order,[6] the U.S. Magistrate Judge stated that "REC Marine continues to harp on whether the service of the requests for admission was proper. This Court heard all of REC Marine's arguments at the discovery conference and rejected them then and rejects them now."[7]

The instant motion, though styled as a motion to terminate a prior default judgment, is another attempt at reconsideration of that same issue. Specifically, in the instant motion, REC moves the Court to (1) reverse a prior default judgment; (2) grant leave for REC to file a response to "unanswered pleading(s)"; and (3) grant leave for REC to file "missing responsive pleading(s)."[8]

Defendant DeQuincy R. Richard ("Richard") opposes the motion.[9] Richard states that the motion amounts to "the fourth separate attempt by REC Marine to have its deliberate refusal to respond to Requests for Admission excused" by the Court, and, as such, Richard incorporates its responses to those previous motions into its response to the present motion.[10] According to Richard, "REC Marine's counsel

---

[3] R. Doc. No. 150.
[4] R. Doc. No. 134.
[5] R. Doc. No. 123.
[6] *Id.*
[7] R. Doc. No. 123, at 4.
[8] R. Doc. No. 158, at 1.
[9] R. Doc. No. 161.
[10] R. Doc. No. 161, at 2 (incorporating: R. Doc. No. 29 (Richard's motion to compel); R. Doc. No. 37 (reply memorandum in support); R. Doc. No. 49 (Court order dated

presents this Court a false, alternate reality, unsupported by any actual evidence."[11]

Richard states:

> The prior decisions of the Magistrate and this Honorable Court were valid, and no there is no justification for overturning them. These issues have already been heavily briefed by the parties. No justification is made for why the three prior decisions regarding the discovery at issue should be modified in any way. No new evidence has been provided, no new creative argument has been made. Instead, REC Marine cloaks its attempt by referring to it as an attempt to remedy a default issued due to an allegedly missing pleading. Such argument is transparent for what it is: an attempt to mislead the Court, which should be soundly rejected.[12]

The Court will address each of REC's requests in turn.

### A. Default Judgment

In its motion, REC does not identify the default judgment it seeks to have reversed; none have been entered in the case. As Richard notes, "Nowhere in the Motion or accompanying Memorandum in Support does REC Marine identify what pleading has been defaulted by the Court."[13] REC's mystifying request to reverse a prior default judgment that does not exist is denied. To the extent that REC is

---

December 19, 2019, granting Richard's motion to compel; R. Doc. No. 50 (Richard's motion for attorney's fees); R. Doc. No. 57 (reply memorandum in support); R. Doc. No. 58 (Richard's motion for sanctions); R. Doc. No. 93 (U.S. Magistrate Judge order, dated March 27, 2020, granting the motion for sanctions); R. Doc. No. 107 (Court order dated May 15, 2020, denying REC Marine's motion for modification of the order on sanctions); R. Doc. No. 123 (Richard's memorandum in opposition to motion requesting Court's review and reversal of Magistrate's Order R. Doc. No. 94 of June 23, 2020; R. Doc. No. 136 (Richard's memorandum in opposition); R. Doc. No. 150 (Court order, dated August 26, 2020, denying REC Marine's motion to appeal and reverse the Magistrate's order on service)).
[11] *Id.* at 3.
[12] *Id.*
[13] *Id.* at 2.

suggesting that the U.S. Magistrate Judge's determination of March 9, 2020 was functionally a default judgment, the Court has previously determined that it was not clearly erroneous or contrary to law.[14] To the extent that the instant motion may be construed as a motion for the Court to reconsider its own order and reasons,[15] dated August 25, 2020, affirming the U.S. Magistrate Judge's order, that motion to reconsider is denied.

### B. Unanswered Pleadings

Next, REC requests that the Court grant leave for REC to file a response to the unanswered pleadings,[16] an issue that has already been considered and resolved in the aforementioned motions practice.[17] The Court declines to revisit the matter. The request is denied.

### C. Missing Responsive Pleadings

Finally, REC requests the Court to grant leave for REC to file "missing responsive pleading(s)."[18] As with the request to file a response to the unanswered pleadings, the Court finds this request duplicative of previous motions, discussed *supra*, which have been denied. Again, the Court will not revisit the matter.

---

[14] *See* R. Doc. No. 150.
[15] *Id.*
[16] R. Doc. No. 158, at 1.
[17] *See*, e.g., R. Doc. No. 87, 134.
[18] R. Doc. No. 158, at 1.

Duplicative, vague filings by REC have been a defining feature in this litigation.[19] Motions that request forms of relief the Court has already denied are improper and a waste of judicial resources. Employing synonyms or inaptly and inaccurately titling a motion does not make proper a request that is, in substance, repetitive.[20] Counsel for REC has already been sanctioned.[21]

### III.

Accordingly,

**IT IS ORDERED** that the motion to terminate prior default and file a response is **DENIED**.

**IT IS FURTHER ORDERED** that counsel for REC shall provide a copy of this Order to his client upon his receipt of the same so that REC can be made aware of the waste of judicial resources and attorney fees that have been expended as a result of counsel's ill-advised conduct.[22] Counsel must advise this Court in writing that his client has received a copy of this order by **OCTOBER 9, 2020**.

New Orleans, Louisiana, October 2, 2020.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[19] *See, e.g.,* R. Doc. No. 123, at 5 ("REC Marine has used this motion as a vehicle to rehash arguments that this Court has already heard and rejected, and that is an improper use of a motion to reconsider.").

[20] *See id.* at 2 n.2 (U.S. Magistrate Judge order) (stating: "Throughout its motion and memorandum in support, REC Marine variously seeks 'review,' 'reversal,' 're-issuance,' 'correction,' 'withdrawal,' or 'amendment' of this Court's March 9, 2020 order.").

[21] *See* R. Doc. No. 68 (sanctions imposed by the Court); R. Doc. No. 93 (sanctions imposed by the U.S. Magistrate Judge).

[22] Council for Richard has not requested sanctions in his opposition.